IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 118,848

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY C. BRYANT,
*Appellant*.

SYLLABUS BY THE COURT

1.

The legality of a sentence challenged through a motion to correct illegal sentence is judged as of the time the sentence was pronounced. Subsequent changes in the law do not render a legal sentence illegal.

2.

A motion to correct illegal sentence is an inappropriate vehicle for challenging the constitutionality of a sentence.

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed November 27, 2019. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Thomas C. Penland*, assistant district attorney, *Mark A. Dupree, Sr.*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: This case concerns Timothy Bryant's motion to correct an illegal sentence. Because none of Bryant's attacks on his sentence have merit, we affirm the district court judge's decision to deny Bryant's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

A Wyandotte County jury convicted Bryant in August 2005 of first-degree murder and aggravated robbery. The district judge found that Bryant's criminal history score was "A" because of five prior person felonies. Three of these person felonies were 1981 Missouri convictions for second-degree burglary. Based on Bryant's criminal history score, the district judge sentenced Bryant to life in prison for first-degree murder and a consecutive 233 months for aggravated robbery.

In June 2014, Bryant filed the motion underlying this appeal. He argued unsuccessfully that his sentence was illegal under *State v. Murdock,* 299 Kan. 312, 313, 323 P.3d 846 (2014) (*Murdock I*), which was overruled by *State v. Keel,* 302 Kan. 560, 357 P.3d 251 (2015), the following year.

Before this court, Bryant argues that his sentence is illegal under *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018). Specifically, he challenges the classification of his three 1981 Missouri second-degree burglaries as person crimes.

## DISCUSSION

Under K.S.A. 22-3504, a defendant may move to correct an illegal sentence at any time while the defendant is serving that sentence. See K.S.A. 2018 Supp. 22-3504(1); L. 2019, ch. 59, § 15. A sentence is illegal if it (1) is imposed by a court lacking jurisdiction, (2) fails to conform to the applicable statutory provisions, or (3) is ambiguous with

respect to the time and manner in which it is to be served. *State v. Campbell*, 307 Kan. 130, 133, 407 P.3d 240 (2017). Bryant argues that his sentence is illegal because it fails to conform to applicable law.

Whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011). Classification of a defendant's prior crimes to determine his or her criminal history score involves interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2018 Supp. 21-6801 et seq., which is a question of law over which this court has unlimited review. *Wetrich*, 307 Kan. at 555.

Bryant's first argument is not that his sentence was illegal at the time it was imposed. Rather, he argues that subsequent changes in the law have rendered his sentence illegal. The illegal sentence statute itself and recent decisions from this court foreclose his challenge.

In April 2019, this court decided *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) (*Murdock II*), where we held:

"[T]he legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law."

The next month, our Legislature echoed the *Murdock II* holding by amending the illegal sentence statute, K.S.A. 2018 Supp. 22-3504(3), to read:

3

"(1) 'Illegal sentence' means a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced.

"(2) 'Change in the law' means a statutory change or an opinion by an appellate court of the state of Kansas, unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction." L. 2019, ch. 59, § 15.

Our Legislature stated that these amendments were "procedural in nature" and "shall be construed and applied retroactively." L. 2019, ch. 59, § 15. The amendment went into effect on May 23, 2019.

This court made the next relevant move, deciding in *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019), that "*Wetrich* was a change in the law as contemplated by *Murdock II*" and therefore inapplicable to sentences finalized before *Wetrich* was decided. *Weber*, 309 Kan. at 1209. The *Weber* holding dooms Bryant's *Wetrich* argument.

Bryant also argues that his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013); and *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016). He asserts the district judge unconstitutionally engaged in fact-finding when he designated Bryant's 1981 Missouri second-degree burglaries as person felonies.

This court has often reiterated that "the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision." *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016) (*Dickey II*) (quoting *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 [2015]). Under this rule, Bryant cannot use a motion to correct an illegal sentence to argue that his sentence is unconstitutional. *Dickey II*, 305 Kan. at 220.

Bryant failed to establish that his sentence was illegal at the time it was imposed. He also cannot use a motion to correct an illegal sentence to raise his constitutional arguments. The district judge was correct to deny Bryant's motion to correct an illegal sentence.

We affirm.

MICHAEL J. MALONE, District Judge Retired, assigned.[1]

---

[1]**REPORTER'S NOTE:** Retired District Judge Malone was appointed to hear case No. 118,848 under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution to fill the vacancy on the court created by the retirement of Justice Johnson.