NOT DESIGNATED FOR PUBLICATION

No. 120,397

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHAD A. TIPPETTS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed June 5, 2020. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., GARDNER, J. and WALKER, S.J.


POWELL, J.: After his probation was revoked and he was ordered to serve his underlying prison sentence, Chad A. Tippetts appeals, claiming his sentence is illegal because the district court improperly scored his 2015 Arizona aggravated assault conviction as a person felony. We disagree. According to the law in existence at the time Tippetts was sentenced, his Arizona aggravated assault conviction was comparable to Kansas' assault and burglary statutes, both person crimes, meaning the district court properly scored the conviction as a person felony. Thus, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 2017, Tippetts pled guilty to a single count of robbery. His presentence investigation (PSI) report listed his criminal history score as C, based in part on the classification of his 2015 Arizona aggravated assault conviction as a person felony.

At his sentencing on December 20, 2017, Tippetts did not object to his criminal history score, and he was sentenced by the district court to 57 months in prison but was granted a dispositional departure to probation for a period of 36 months.

Tippetts was ultimately unsuccessful on probation, and, on October 31, 2018, the district court revoked his probation and ordered him to serve his underlying prison sentence.

Tippetts timely appeals.

DID THE DISTRICT COURT ERR IN CLASSIFYING TIPPETTS' PRIOR OUT-OF-STATE CONVICTION AS A PERSON FELONY?

Rather than challenge the revocation of his probation, for the first time on appeal Tippetts argues his sentence is illegal, specifically claiming his criminal history score is incorrect because the district court erred in classifying his prior out-of-state conviction as a person felony. Relying on *State v. Wetrich*, 307 Kan. 552, 561-62, 412 P.3d 984 (2018) (identical or narrower test), Tippetts argues his prior Arizona aggravated assault conviction was improperly classified as a person offense because the elements of Arizona aggravated assault are broader than the elements of the comparable Kansas crime.

Classification of prior offenses for criminal history purposes involves statutory interpretation, which is a question of law subject to unlimited review. 307 Kan. at 555.

Tippetts did not raise a challenge to his criminal history before the district court. Typically, appellate courts will not consider issues raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, under K.S.A. 2019 Supp. 22-3504(a), an illegal sentence may be corrected at any time while the defendant is serving his or her sentence, including when the issue is raised for the first time on appeal. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015) (*Dickey I*). An illegal sentence is "a sentence:  Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2019 Supp. 22-3504(c)(1); see *State v. Warrior*, 303 Kan. 1008, 1009-10, 368 P.3d 1111 (2016).

Tippetts' PSI assigned him a criminal history score of C based on one prior person felony—the 2015 Arizona aggravated battery conviction. Had this conviction been scored as a nonperson felony, Tippetts' criminal history score would have been E, thus reducing his presumptive sentence. See K.S.A. 2019 Supp. 21-6804(a).

According to the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq., a two-step process is used when classifying prior out-of-state convictions for purposes of establishing a defendant's criminal history. First, the prior offense is classified as either a felony or a misdemeanor according to how the convicting jurisdiction classified the offense. K.S.A. 2019 Supp. 21-6811(e)(2). Tippetts does not raise an issue with the prior conviction's classification as a felony. Second, the offense is classified as either a person or nonperson crime by referring to "comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed." K.S.A. 2019 Supp. 21-6811(e)(3).

Our Supreme Court has held that "the legality of a sentence is determined by the law in effect at the time the sentence was pronounced." *State v. Murdock*, 309 Kan. 585, 592, 439 P.3d 307 (2019) (*Murdock II*). When Tippetts was sentenced in December 2017, *Wetrich*'s "identical or narrower" test did not yet exist. Instead, a determination of whether a defendant's prior out-of-state conviction should be classified as a person or nonperson crime was performed by examining a Kansas crime that was merely "comparable" and "not identical." In other words, a comparable Kansas crime is one that "is similar in nature and covers similar conduct." *State v. Barajas*, 43 Kan. App. 2d 639, 644, 230 P.3d 784 (2010). The "closest approximation" of the comparable crime satisfied this inquiry. See *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003), *overruled in part on other grounds by Dickey I*, 301 Kan. 1018; see also *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (holding comparable offense means "'the offenses need only be comparable, not identical'") (quoting *Vandervort*, 276 Kan. at 179).

Tippetts was convicted of aggravated assault in Arizona in 2015 under Ariz. Rev. Stat. Ann. § 13-1204 (2015). The lengthy Arizona aggravated assault statute provides, in relevant part:

"A. A person commits aggravated assault if the person commits assault as prescribed by § 13-1203 under any of the following circumstances:

1. If the person causes serious physical injury to another.

2. If the person uses a deadly weapon or dangerous instrument.

3. If the person commits the assault by any means of force that causes temporary but substantial disfigurement, temporary but substantial loss or impairment of any body organ or part or a fracture of any body part.

4. If the person commits the assault while the victim is bound or otherwise physically restrained or while the victim's capacity to resist is substantially impaired.

5. If the person commits the assault after entering the private home of another with the intent to commit the assault.

6. If the person is eighteen years of age or older and commits the assault on a minor under fifteen years of age.

7. If the person commits assault as prescribed by § 13-1203, subsection A, paragraph 1 or 3 and the person is in violation of an order of protection issued against the person pursuant to § 13-3602 or 13-3624.

8. If the person commits the assault knowing or having reason to know that the victim is any of the following:

(a) A peace officer, or a person summoned and directed by the officer while engaged in the execution of any official duties or if the assault results from the execution of the peace officer's official duties.

(b) A constable, or a person summoned and directed by the constable while engaged in the execution of any official duties or if the assault results from the execution of the constable's official duties.

(c) A firefighter, fire investigator, fire inspector, emergency medical technician or paramedic engaged in the execution of any official duties, or a person summoned and directed by such individual while engaged in the execution of any official duties or if the assault results from the execution of the official duties of the firefighter, fire investigator, fire inspector, emergency medical technician or paramedic.

(d) A teacher or other person employed by any school and the teacher or other employee is on the grounds of a school or grounds adjacent to the school or is in any part of a building or vehicle used for school purposes, any teacher or school nurse visiting a private home in the course of the teacher's or nurse's professional duties or any teacher engaged in any authorized and organized classroom activity held on other than school grounds.

(e) A health care practitioner who is certified or licensed pursuant to title 32, chapter 13, 15, 17 or 25, or a person summoned and directed by the licensed health care practitioner while engaged in the person's professional duties. This subdivision does not apply if the person who commits the assault is seriously mentally ill, as defined in § 36-550, or is afflicted with alzheimer's disease or related dementia.

(f) A prosecutor while engaged in the execution of any official duties or if the assault results from the execution of the prosecutor's official duties.

(g) A code enforcement officer as defined in § 39-123 while engaged in the execution of any official duties or if the assault results from the execution of the code enforcement officer's official duties.

(h) A state or municipal park ranger while engaged in the execution of any official duties or if the assault results from the execution of the park ranger's official duties.

(i) A public defender while engaged in the execution of any official duties or if the assault results from the execution of the public defender's official duties.

(j) A judicial officer while engaged in the execution of any official duties or if the assault results from the execution of the judicial officer's official duties.

9. If the person knowingly takes or attempts to exercise control over any of the following:

(a) A peace officer's or other officer's firearm and the person knows or has reason to know that the victim is a peace officer or other officer employed by one of the agencies listed in paragraph 10, subdivision (a), item (i), (ii), (iii), (iv) or (v) of this subsection and is engaged in the execution of any official duties.

(b) Any weapon other than a firearm that is being used by a peace officer or other officer or that the officer is attempting to use, and the person knows or has reason to

know that the victim is a peace officer or other officer employed by one of the agencies listed in paragraph 10, subdivision (a), item (i), (ii), (iii), (iv) or (v) of this subsection and is engaged in the execution of any official duties.

(c) Any implement that is being used by a peace officer or other officer or that the officer is attempting to use, and the person knows or has reason to know that the victim is a peace officer or other officer employed by one of the agencies listed in paragraph 10, subdivision (a), item (i), (ii), (iii), (iv) or (v) of this subsection and is engaged in the execution of any official duties. For the purposes of this subdivision, "implement" means an object that is designed for or that is capable of restraining or injuring an individual. Implement does not include handcuffs.

10. If the person meets both of the following conditions:

(a) Is imprisoned or otherwise subject to the custody of any of the following:

(i) The state department of corrections.

(ii) The department of juvenile corrections.

(iii) A law enforcement agency.

(iv) A county or city jail or an adult or juvenile detention facility of a city or county.

(v) Any other entity that is contracting with the state department of corrections, the department of juvenile corrections, a law enforcement agency, another state, any private correctional facility, a county, a city or the federal bureau of prisons or other federal agency that has responsibility for sentenced or unsentenced prisoners.

(b) Commits an assault knowing or having reason to know that the victim is acting in an official capacity as an employee of any of the entities listed in subdivision (a) of this paragraph.

11. If the person uses a simulated deadly weapon.

"B. A person commits aggravated assault if the person commits assault by either intentionally, knowingly or recklessly causing any physical injury to another person, intentionally placing another person in reasonable apprehension of imminent physical injury or knowingly touching another person with the intent to injure the person, and both of the following occur:

1. The person intentionally or knowingly impedes the normal breathing or circulation of blood of another person by applying pressure to the throat or neck or by obstructing the nose and mouth either manually or through the use of an instrument.

2. Any of the circumstances exists that are set forth in § 13-3601, subsection A, paragraph 1, 2, 3, 4, 5 or 6." Ariz. Rev. Stat. Ann. § 13-1204 (2015).

In Arizona, every aggravated assault requires an assault. See Ariz. Rev. Stat. Ann. § 13-1204(A). Because every possible version of aggravated assault in Arizona requires an underlying assault and because we are only looking for a Kansas crime that is similar in nature and prohibits similar conduct, it is only necessary to compare Arizona's assault statute with the relevant Kansas statutes.

Ariz. Rev. Stat. Ann. § 13-1203 (2015) defines "assault" as: "[i]ntentionally, knowingly or recklessly causing any physical injury to another person" or "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury" or "[k]nowingly touching another person with the intent to injure, insult or provoke such person." Looking to Kansas' definition of "assault" at the time Tippetts committed his current crime of conviction (June 9, 2017), our state defined assault as "knowingly placing another person in reasonable apprehension of immediate bodily harm." K.S.A. 2016 Supp. 21-5412(a). Kansas defined battery as "[k]nowingly or recklessly causing bodily harm to another person" or "knowingly causing physical contact with another person when done in a rude, insulting or angry manner." K.S.A. 2016 Supp. 21-5413(a).

8

Both assault and battery are person offenses in Kansas. See K.S.A. 2016 Supp. 21-5412(e); K.S.A. 2016 Supp. 21-5413(g).

When we examine the statutes side by side, the Arizona assault statute and the Kansas assault and battery statutes are comparable because they prohibit similar conduct:

| Subsections of Arizona Assault | Comparable Kansas Offenses |
|---|---|
| "[i]ntentionally, knowingly or recklessly causing any physical injury to another person" Ariz. Rev. Stat. Ann. § 13-1203(A)(1) (2015) | "[k]nowingly or recklessly causing bodily harm to another person" K.S.A. 2016 Supp. 21-5413(a)(1) (battery) |
| "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury" Ariz. Rev. Stat. Ann. § 13-1203(A)(2) (2015) | "knowingly placing another person in reasonable apprehension of immediate bodily harm" K.S.A. 2016 Supp. 21-5412(a) (assault) |
| "[k]nowingly touching another person with the intent to injure, insult or provoke such person" Ariz. Rev. Stat. Ann. § 13-1203(A)(3) (2015) | "knowingly causing physical contact with another person when done in a rude, insulting or angry manner" K.S.A. 2016 Supp. 21-5412(a)(2) (assault) |

Because Kansas' assault and battery statutes are similar in nature and prohibit similar conduct as Arizona's aggravated assault statute, we need not examine all the variations listed in the Arizona statute. Accordingly, the district court properly classified Tippetts' 2015 Arizona aggravated assault conviction as a person felony.

However, Tippetts also argues that classifying his Arizona conviction as a person offense necessitated improper judicial fact-finding in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and is, therefore, unconstitutional. But when comparing out-of-state statutes to Kansas statutes, the focus is

the statutory elements: "[T]here is no review of the evidence surrounding the out-of-state conviction." *Williams*, 299 Kan. at 875; see also *State v. Bryant*, 310 Kan. 920, 922, 453 P.3d 279 (2019) ("'[T]he definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision.'"). Moreover, this argument is directly tied to Tippetts' assertion that his Arizona conviction can only be classified as a person offense if it meets the "identical or narrower" test under *Wetrich*. But as we have already indicated, *Wetrich* is not applicable because it was not the law in effect at the time of Tippetts' sentencing. Tippetts' sentence is legal because the district court did not improperly score his 2015 Arizona aggravated assault conviction as a person felony.

Affirmed.