NOT DESIGNATED FOR PUBLICATION

No. 121,286

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WESLEY GRANT LOVETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed September 11, 2020. Affirmed in part, sentence vacated, and case remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and BUSER, JJ.

PER CURIAM: Wesley Grant Lovett appeals the district court's imposition of his underlying sentence after revoking his probation. He claims that the court's calculation of his criminal history score at his original sentencing hearing was erroneous. He presents two arguments challenging the classification of four prior Missouri convictions as person felonies. First, Lovett asserts that the presentencing investigation (PSI) report failed to satisfy the State's burden to prove that the four Missouri convictions should be classified as person felonies. Second, Lovett claims the district court violated his constitutional

1

rights by engaging in improper judicial fact-finding when it determined that the four Missouri convictions were comparable to Kansas person offenses.

Upon our review, we find the PSI report failed to satisfy the State's burden to prove that three of Lovett's four challenged Missouri convictions should be classified as person felonies. Because the PSI report only established that Lovett's criminal history includes two person felonies—one of the challenged Missouri convictions and an unchallenged Kansas conviction—substantial evidence does not support the district court's criminal history classification of A. Lovett's second argument fails, however, because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision. Accordingly, we affirm in part, vacate Lovett's sentence, and remand for resentencing with directions.

FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 2017, Lovett pled guilty to possession of methamphetamine. As part of a plea agreement with the State, the parties agreed to recommend that the district court place Lovett on probation. A PSI report calculated Lovett's criminal history score as A, based on one Kansas person felony conviction and four Missouri convictions classified as person felonies. Due to Lovett's calculated criminal history score and the severity level of his offense, he merited a presumptive prison sentence.

At sentencing, neither Lovett nor the State objected to the PSI report's calculation of Lovett's criminal history. In accordance with the parties' plea agreement, the district court granted a dispositional departure and placed Lovett on 12 months of probation. Based on an A criminal history score, the district court imposed an underlying sentence of 37 months in prison. Lovett did not file a direct appeal of his sentence.

About two hours after he was granted probation, Lovett violated its terms by committing the new crimes of possession of methamphetamine, aggravated assault, felon in possession of a firearm, and theft. After Lovett stipulated to his probation violations, the district court revoked his probation and ordered him to serve the underlying 37-month prison sentence. Lovett timely appeals from the district court's order revoking his probation.

ANALYSIS

Lovett contends the district court erred by classifying four of his prior Missouri convictions as person felonies when it calculated his criminal history score. First, he asserts the State failed to satisfy its burden to prove that the four convictions should be classified as person felonies because the PSI report did not indicate which version of the Missouri offenses he committed. Next, Lovett claims the identical-or-narrower test adopted in *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018), is constitutionally required and, therefore, must be used by the district court to classify his prior out-of-state convictions even though he was sentenced before *Wetrich* was decided. We will separately consider these two arguments.

*The State's Burden to Prove the Classification of the Missouri Convictions*

Lovett claims the district court erred by classifying his two Missouri convictions for assault on a law enforcement officer, his Missouri conviction for resisting arrest, and his Missouri conviction for tampering with a witness as person felonies because the State failed to prove by a preponderance of the evidence that the four convictions should be classified as person felonies. Because the State failed to satisfy its burden of proving his criminal history score, Lovett asserts his sentence must be vacated and remanded for resentencing.

3

We begin the analysis with our standards of review. Whether a sentence is illegal is a question of law over which we exercise unlimited review. *State v. Dawson*, 310 Kan. 112, 116, 444 P.3d 914 (2019). Likewise, the classification of a defendant's prior conviction is a question of law subject to unlimited review. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016).

Under K.S.A. 2019 Supp. 22-3504(a), an illegal sentence may be corrected at any time while a defendant is serving that sentence. A sentence is illegal if it (1) is imposed by a court lacking jurisdiction, (2) fails to conform to applicable statutory provisions, or (3) is ambiguous with respect to the time and way it is to be served. K.S.A. 2019 Supp. 22-3504(c)(1). While improper classifications of a prior crime may come with a "'thick overlay of constitutional law,'" a sentence is illegal when it fails to conform to our Supreme Court's interpretation of the applicable statutory provisions. *State v. McAlister*, 310 Kan. 86, 90, 444 P.3d 923 (2019). And even if a party agrees to a criminal history score resulting in an illegal sentence, our court may correct the illegal sentence at any time. *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018). As a result, Lovett may challenge whether the classifications of his prior convictions resulted in an illegal sentence for the first time on appeal following the revocation of his probation. See *Dickey*, 305 Kan. at 219.

Under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq., a defendant's presumptive sentence is based on two controlling factors: the defendant's criminal history and the severity level of the crime committed. K.S.A. 2019 Supp. 21-6804(c). Criminal history scores range from I (no criminal history or one misdemeanor) to A (three or more person felonies). K.S.A. 2019 Supp. 21-6809; K.S.A. 2019 Supp. 21-6804(a). A defendant's criminal history includes all the defendant's adult felony convictions, felony juvenile adjudications, and certain misdemeanor convictions and adjudications. K.S.A. 2019 Supp. 21-6810(a), (d).

When calculating a defendant's criminal history score, the district court classifies convictions (1) as a felony or misdemeanor and (2) as a person or nonperson offense. K.S.A. 2019 Supp. 21-6810(a). The KSGA weighs felonies more heavily than misdemeanors, and they lead to higher presumptive sentences. The KSGA also weighs person offenses more heavily than nonperson offenses. See *State v. Keel*, 302 Kan. 560, 574-75, 357 P.3d 251 (2015).

An out-of-state conviction is classified as a felony or misdemeanor according to the designation of the convicting jurisdiction. K.S.A. 2019 Supp. 21-6811(e)(2). And Kansas classifies an out-of-state conviction as a person or nonperson offense by referring to the comparable offense under the Kansas Criminal Code in effect when the current crime of conviction was committed. K.S.A. 2019 Supp. 21-6811(e)(3)(A). Important to this appeal, when Lovett was sentenced in this criminal case, the Kansas crime that was the "closest approximation" to the out-of-state offense was a comparable offense. See *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003). But if the Code does not have a comparable offense, then the out-of-state conviction must be classified as a nonperson crime. K.S.A. 2019 Supp. 21-6811(e)(3)(A).

At sentencing, the State has the burden to prove the defendant's criminal history by a preponderance of the evidence. K.S.A. 2019 Supp. 21-6811(e)(5); *State v. Obregon*, 309 Kan. 1267, Syl. ¶ 4, 444 P.3d 331 (2019). A district court's finding that the State met its burden must be supported by substantial competent evidence. 309 Kan. 1267, Syl. ¶ 4. Absent an objection by the defendant, a PSI report ordinarily satisfies the State's crime classification burden. 309 Kan. at 1275. But more is required when there are multiple versions of the out-of-state offense—some of which do not support a person felony classification—and the PSI report fails to indicate which version of the out-of-state offense the defendant committed. In such a situation, the State must provide additional proof that the defendant committed a version of the offense supporting the person felony classification. 309 Kan. at 1275.

5

When substantial evidence does not support a district court's criminal history classification, appellate courts must vacate the defendant's sentence and remand to allow the district court to determine the appropriate classification. See 309 Kan. at 1275. The State in this case candidly concedes that a remand hearing is necessary to recalculate Lovett's sentence.

*Two Missouri Convictions for Assault on a Law Enforcement Officer*

The district court scored Lovett's two 2013 Missouri convictions for assault on a law enforcement officer as person felonies. The PSI report describes these Missouri convictions simply as "Assault-Law Enforcement Officer." The PSI report, however, does not provide the statute number or the full name of the Missouri offense. In 2013, three Missouri statutes prohibited "assault of a law enforcement officer." Mo. Rev. Stat. § 565.081 (2013); Mo. Rev. Stat. § 565.082 (2013); Mo. Rev. Stat. § 565.083 (2013). The different statutes contained three distinct levels of the offense: first-degree, second-degree, and third-degree. While first-degree and second-degree assault of a law enforcement officer were felony offenses, third-degree assault of a law enforcement officer was a misdemeanor offense. Mo. Rev. Stat. § 565.081.7 (2013); Mo. Rev. Stat. § 565.082.7 (2013); Mo. Rev. Stat. § 565.083.7 (2013). Because the PSI report does not indicate which degree of the offense Lovett committed, it was necessary for the State to provide additional proof that he was convicted of first-degree or second-degree assault of a law enforcement officer to support the felony classification.

The PSI report also failed to satisfy the State's burden to show that Lovett's two 2013 Missouri convictions for assault on a law enforcement officer should be classified as person offenses. As Lovett points out, some forms of Missouri felony assault on a law enforcement officer are not comparable to any Kansas offense and, therefore, would be classified as nonperson offenses. For example, in 2013, a person committed second-degree assault of a law enforcement officer in Missouri when the person "[acted] with

6

criminal negligence to cause physical injury to a law enforcement officer . . . by means of a deadly weapon or dangerous instrument." Mo. Rev. Stat. § 565.082.1(5) (2013). Because the Kansas offenses of assault and battery against a law enforcement officer require the defendant to act at least recklessly—see K.S.A. 2019 Supp. 21-5413(a), (c); K.S.A. 2019 Supp. 21-5412(a), (c)—those offenses are not comparable to a Missouri assault on a law enforcement officer under Mo. Rev. Stat. § 565.082.1(5) (2013). See *State v. Rodriguez*, 305 Kan. 1139, Syl. ¶ 5, 390 P.3d 903 (2017) (out-of-state crime requiring only criminal negligence is not comparable to a Kansas offense requiring recklessness).

In summary, the State failed to carry its burden of proving that Lovett's two convictions for assault on a law enforcement should have been classified as person felonies.

*Missouri Conviction for Resisting Arrest*

Next, the district court classified Lovett's 2014 Missouri conviction for resisting arrest as a person felony. The PSI report describes this conviction as "Resisting Arrest/Detention/Stop by Fleeing-Creating a Substantial Risk of Serious Injury/Death to any Person." Once again, the PSI report does not reference the statute number or the full name of the Missouri offense. But the offense's description reflects that the conviction was a felony offense under Mo. Rev. Stat. § 575.150.5(3) (2014) for "[r]esisting an arrest, detention or stop by fleeing in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person."

The elements of a conviction for resisting arrest under Mo. Rev. Stat. § 575.150 (2014) are:  (1) the defendant knew that a law enforcement officer was making an arrest or a stop of a person or vehicle; (2) the defendant resisted the arrest or stop by using, or threatening to use, violence or physical force or by fleeing from the officer; and (3) the

7

defendant did so with the purpose of preventing the officer from completing the arrest or stop. *State v. Jones*, 479 S.W.3d 100, 109 (Mo. 2016). A conviction under Mo. Rev. Stat. § 575.150 (2014) is elevated to a felony when the defendant attempts to flee an arrest in a way that creates "a substantial risk of serious physical injury or death to any person." Mo. Rev. Stat. § 575.150.5(3) (2014).

Our court has repeatedly found that the closest Kansas approximation to a Missouri felony for resisting arrest while creating a substantial risk of serious physical injury or death under Mo. Rev. Stat. § 575.150 (2014) is felony fleeing or eluding under K.S.A. 2019 Supp. 8-1568(b). See *State v. Waid*, No. 112,559, 2016 WL 938111, at *7 (Kan. App. 2016) (unpublished opinion); *State v. Morris*, No. 106,734, 2012 WL 5519181, at *4 (Kan. App. 2012) (unpublished opinion). Of note, felony fleeing or eluding under K.S.A. 2019 Supp. 8-1568(b) is a person offense. K.S.A. 2019 Supp. 8-1568(c)(2).

K.S.A. 2019 Supp. 8-1568(b) prohibits drivers from fleeing or attempting to elude a police officer while engaging in reckless driving and states:

"(b) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, and who:
(1) Commits any of the following during a police pursuit:  (A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police officer; (C) engages in reckless driving as defined by K.S.A. 8-1566, and amendments thereto; (D) is involved in any motor vehicle accident or intentionally causes damage to property; or (E) commits five or more moving violations; or
(2) is attempting to elude capture for the commission of any felony, shall be guilty as provided in subsection (c)(2)."

8

To prove a violation of K.S.A. 2019 Supp. 8-1568(b), the State must show: (1) the defendant was driving a motor vehicle; (2) the defendant was given a visual or audible signal by a police officer to stop the vehicle; (3) the defendant intentionally failed or refused to stop or otherwise fled or attempted to elude a pursuing police vehicle; and (4) the police officer's vehicle, from which the signal to stop was given, was appropriately marked showing it to be an official police vehicle, or the police officer giving the signal was in uniform and prominently displaying his badge. See PIK Crim. 4th 66.110 (2014 Supp.). To elevate the crime to a felony, the State must also prove the defendant failed to stop at a police road block, was involved in a motor vehicle accident, intentionally caused damage to property, drove around a tire deflating device, engaged in reckless driving, committed five or more moving violations, or attempted to elude capture for any felony. See PIK Crim. 4th 66.110.

Lovett claims that a Kansas felony for fleeing or eluding is not the closest approximation to his Missouri conviction for resisting arrest because, unlike K.S.A. 2019 Supp. 8-1568(b), the Missouri crime does not require the defendant to be the driver of a motor vehicle. But despite this difference, our court has found that fleeing or eluding under K.S.A. 2019 Supp. 8-1568(b) is the most comparable offense to a Missouri felony resisting arrest under Mo. Rev. Stat. § 575.150(3) (2014) because both statutes criminalize the same core conduct. See *Morris*, 2012 WL 5519181, at *4.

Although the elements are different, both K.S.A. 2019 Supp. 8-1568(b) and Lovett's Missouri conviction apply to situations in which a law enforcement officer is attempting to conduct an arrest or stop and the defendant, knowing that a law enforcement officer is attempting to conduct an arrest or stop, purposefully attempts to elude arrest. And both offenses are enhanced in severity because the defendant resists arrest by fleeing in a manner that increases the risk of harm to law enforcement officers or other persons.

9

Lovett suggests that the closer approximation to his Missouri conviction for resisting arrest is the Kansas crime of interference with law enforcement under K.S.A. 2019 Supp. 21-5904(a)(3), which prohibits: "knowingly obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty." Importantly, this Kansas crime is a nonperson offense. K.S.A. 2019 Supp. 21-5904(b)(5). Lovett claims that interference with law enforcement under K.S.A. 2019 Supp. 21-5904(a)(3) is a more comparable offense to his conviction because it does not require the defendant to be driving a vehicle.

The elements of interference with law enforcement under K.S.A. 2019 Supp. 21-5904(a)(3) are: (1) an identified law enforcement officer is carrying out some official duty; (2) the defendant knowingly and willfully obstructed or opposed such officer; and (3) the defendant knew or should have known the person he opposed was law enforcement. See *State v. Brown*, 305 Kan. 674, 690, 387 P.3d 835 (2017). A defendant obstructs law enforcement by impeding or in any manner interrupting officers in the performance of their official duties. 305 Kan. at 690. While the defendant must substantially hinder or increase the burden of the officer in carrying out his or her official duty, K.S.A. 2019 Supp. 21-5904(a)(3) encompasses both physical acts and oral statements. 305 Kan. at 690.

Despite Lovett's claims, we find that fleeing or eluding under K.S.A. 2019 Supp. 8-1568(b) is a closer approximation to his Missouri conviction of resisting arrest than the Kansas crime of interference with law enforcement. While interference with law enforcement applies to nondriving individuals, the crime also applies to a broad range of conduct well outside that prohibited by Lovett's Missouri conviction. For example, unlike Lovett's Missouri conviction which required that he create a substantial risk of serious physical injury or death, a person may commit interference with law enforcement by providing a false name or faking a seizure upon arrest. See *State v. Payne*, No. 102,337,

2010 WL 4668329, at *3 (Kan. App. 2010) (unpublished opinion) (providing false name); *State v. Smith*, No. 97,765, 2008 WL 5234531, at *3 (Kan. App. 2008) (unpublished opinion) (faking a seizure).

Instead, Lovett's Missouri conviction prohibits specific conduct like that prohibited under K.S.A. 2019 Supp. 8-1568(b): resisting arrest by fleeing in a manner that increases the risk of harm to officers and the public. And unlike interference with law enforcement, Lovett's Missouri conviction for resisting arrest and K.S.A. 2019 Supp. 8-1568(b) require the defendant to engage in conduct that could inflict physical harm to others. See *State v. Waggoner*, 51 Kan. App. 2d 144, 155, 343 P.3d 530 (2015) ("Crimes which inflict, or could inflict, physical or emotional harm to another generally are designated as person crimes.").

Since the closest Kansas approximation to Lovett's 2014 Missouri felony conviction for resisting arrest under Mo. Rev. Stat. § 575.150(3) (2014) is the person offense of fleeing or eluding under K.S.A. 2019 Supp. 8-1568(b), we hold the PSI report indicating that Lovett violated this version of the Missouri offense satisfied the State's burden to prove that his prior conviction should be classified as a person felony.

*Missouri Conviction for Tampering with a Victim or Witness*

Lastly, the district court classified Lovett's 2014 Missouri conviction of tampering with a victim or witness as a person offense. The PSI report describes this conviction as "Tampering with Victim/Witness." But the PSI report does not provide the statute number or the full name of the Missouri offense. Under Mo. Rev. Stat. § 575.270.3 (2014), tampering with a witness or victim may be either a misdemeanor or a felony offense depending on whether the original charge was a misdemeanor or felony. While the PSI report classifies the Missouri conviction as a person felony, it does not indicate which version of the offense—misdemeanor or felony—Lovett committed. As a result,

11

the State failed to carry its burden of proving that Lovett's conviction of tampering with a victim or witness should be classified as a felony offense.

*Summary Holding*

The district court calculated Lovett's criminal history score as A, which required the State to prove that Lovett's criminal history included at least three convictions or juvenile adjudications for person felonies. See K.S.A. 2019 Supp. 21-6809: K.S.A. 2019 Supp. 21-6811(e)(5). The PSI report satisfied the State's burden of showing that Lovett committed two person felonies: (1) a Kansas conviction for attempted residential burglary and (2) a Missouri conviction for resisting arrest while creating substantial risk of serious injury. However, because the PSI report failed to specify which versions of assault on a law enforcement officer and tampering with a victim or witness that Lovett committed, the State failed to meet its burden of proving that his criminal history included a third person felony.

Substantial evidence does not support the district court's criminal history classification of A. Lovett's sentence is vacated and the case is remanded with directions to determine the proper classification of Lovett's Missouri convictions for assault on a law enforcement officer and tampering with a victim or witness, and to resentence Lovett with a correct criminal history score.

CONSTITUTIONALITY OF TEST TO DETERMINE COMPARABLE OFFENSES

Lovett next contends the district court violated his constitutional rights as articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by engaging in improper judicial fact-finding when it determined that his four challenged Missouri convictions were comparable to Kansas person offenses. Lovett claims the identical-or-narrower test adopted in *Wetrich*, 307 Kan. at 562, is

constitutionally required under *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi* and, as a result, his Missouri convictions must be classified as nonperson offenses because they have elements broader than any Kansas person offense.

As previously discussed, Kansas classifies an out-of-state conviction as a person or nonperson offense by referring to the comparable offense under the Kansas Criminal Code in effect when the current crime of conviction was committed. K.S.A. 2019 Supp. 21-6811(e)(3)(A). When Lovett was sentenced, the Kansas crime that was the "closest approximation" to the out-of-state offense was a comparable offense. See *Vandervort*, 276 Kan. at 179. After Lovett was sentenced, however, our Supreme Court in *Wetrich* reconsidered the meaning of "comparable offenses" as that phase is used to classify out-of-state offenses in K.S.A. 2017 Supp. 21-6811(e). 307 Kan. at 561-62. The *Wetrich* court held that for a Kansas crime to be comparable to an out-of-state offense, "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562.

Subsequent Kansas Supreme Court decisions have determined that the *Wetrich* opinion was a change in the law. As a result, our Supreme Court has held there is no retroactive application of *Wetrich*. See *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019) (explicitly holding that "*Wetrich* was a change in the law"). The Supreme Court clarified that the legality of a defendant's sentence is determined by the law in effect when the sentence was pronounced and the sentence does not become illegal by subsequent changes in the law. *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). While a party obtains the benefit of a change in the law during a direct appeal, a party collaterally attacking a sentence is "stuck with the law in effect at the time the sentence was pronounced." 309 Kan. at 592. Since the district court sentenced Lovett

13

before the *Wetrich* decision and he is collaterally attacking his sentence on appeal from his probation revocation, the *Vandervort* closest approximation test still applies to whether his convictions were properly classified as person offenses.

Lovett recognizes that the *Vandervort* closest approximation test controls the legality of his sentence, but he contends the application of this test violated his constitutional rights under *Descamps* and *Apprendi*. However, Lovett's appeal is timely only as to the revocation of his probation, and not to a direct appeal of his sentence. As a result, we treat Lovett's argument as a motion to correct an illegal sentence. See *State v. Coleman*, 311 Kan. 305, 316, 460 P.3d 368 (2020). But the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision. As a result, Lovett may not use a motion to correct an illegal sentence to argue that his sentence is unconstitutional. See 311 Kan. at 317; *State v. Bryant*, 310 Kan. 920, 922, 453 P.3d 279 (2019).

Citing *State v. Conley*, 270 Kan. 18, 30, 11 P.3d 1147 (2000), Lovett argues that issues implicating *Apprendi* may be raised for the first time on appeal. However, *Conley* involved a direct appeal of the defendant's conviction and resulting sentence. While *Apprendi* issues may be raised for the first time on direct appeal, our Supreme Court has found that those same constitutional issues may not be raised for the first time in an appeal following a probation revocation. *Coleman*, 311 Kan. at 316-17. Accordingly, we decline to reach the merits of Lovett's constitutional claim.

Affirmed in part, sentence vacated, and the case is remanded with directions to determine the proper classification of Lovett's Missouri convictions for assault on a law enforcement officer and tampering with a victim or witness, and to resentence Lovett with a correct criminal history score.