NOT DESIGNATED FOR PUBLICATION

Nos. 122,917
122,918

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGEL P. WHEELER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed February 18, 2022. Affirmed in part and dismissed in part.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.

PER CURIAM: Angel P. Wheeler challenges her sentences in two separate cases, 19 CR 1514 and 19 CR 1515, alleging the district court erroneously determined her criminal history score, and thus her sentences are illegal. First, she contends that the district court erred in case 19 CR 1515 by classifying her three, prior out-of-state convictions as person offenses without proving they were identical to or narrower than comparable Kansas offenses. Second, she contends that the district court erred in both cases by including a prior conviction for criminal threat without first proving the

1

conviction was constitutional. Because Wheeler failed to set forth an actual claim proving the district court erred in classifying her prior out-of-state convictions as person offenses—this court dismisses her claim for 19 CR 1514. This court further holds that any error the district court made when it included Wheeler's prior conviction for criminal threat in either case is harmless, and her sentence in 19 CR 1515 is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2020, Angel P. Wheeler entered pleas in two separate cases. In the first case, 19 CR 1514, she pled guilty to a Kansas Offender Registration Act (KORA) violation after she failed to register as directed in April 2019. In the second case, 19 CR 1515, she entered an *Alford* plea to one count of battery against a law enforcement officer. See *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (permitting a defendant to enter a guilty plea without admitting actual guilt). In exchange for her pleas, the State agreed to dismiss two additional charges in 19 CR 1515 and recommend the low number on the sentencing grid on each of the convictions. Wheeler was already on probation in a separate case—17 CR 2493—when she committed both offenses. As part of the plea agreements, the State also recommended that Wheeler's probation be revoked in 17 CR 2493, but that her underlying sentence be reduced to 12 months' imprisonment.

The presentence investigation (PSI) report for both cases listed 29 prior convictions, including 5 person felonies, making Wheeler's criminal history score A. In both cases Wheeler's criminal history score was based, in part, on the following convictions, each scored as person felonies: (1) three 2003 Texas convictions for aggravated assault with a deadly weapon; and (2) a 2008 Kansas conviction for criminal threat, in violation of K.S.A. 21-3419. Wheeler initially objected to her criminal history score, arguing that her prior Texas convictions should not be scored as person offenses and that her conviction for criminal threat should not be included in her criminal history

2

pursuant to the Kansas Supreme Court's holding in *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020) (holding that the reckless portion of the criminal threat statute was unconstitutional).

On March 17, 2020, the district court held a sentencing hearing where Wheeler admitted that she violated her probation in 17 CR 2493 because she was convicted of new crimes. The district court revoked Wheeler's probation in that case, but it reduced her underlying sentence from 49 months' to 12 months' imprisonment. The district court then reviewed Wheeler's criminal history score before sentencing her in 19 CR 1514 and 19 CR 1515 and noted that the PSI report indicated that her criminal history score was A. Wheeler acknowledged that she had initially challenged her criminal history score but she decided to withdraw her challenge and proceed to sentencing. Defense counsel explained:

> "We discussed some possible challenges that could be made to criminal history, specifically her three Texas person felonies being scored as person felonies for aggravated assault with a deadly weapon, I believe it is. . . . I did also indicate to Ms. Wheeler that we could challenge the criminal threat entry in her PSIs. . . .
>
> "I initially filed those challenges last night after our meeting, and I met with Ms. Wheeler again this morning. She has asked me to withdraw those challenges. And I have explained to her that proceeding with those challenges could be to her benefit, but she's not interested in any further delay in this case. She does not believe that the benefit is significant enough that she would want to have me pursue and litigate that. I do believe she will be prepared on the record today to note that that is her wish.
>
> "Based on that, I am aware of no other legal reason and I do believe we could proceed with sentencing today with criminal history A in both cases."

Wheeler confirmed that she had reviewed her PSI reports with defense counsel and told the court that she had no questions or objection to the contents of the reports. In open court and on the record, Wheeler agreed that her criminal history score was A in

3

both cases and that she wanted to proceed to sentencing. At sentencing the following occurred:

> "THE COURT: Do you have any objections to anything in those Presentence Investigation Reports except as raised by [defense counsel].
> "[WHEELER]: No, Your Honor.
> "THE COURT: Do you understand that he is not actually asserting any objection to anything in your Presentence Investigation Reports. Do you understand that?
> "[WHEELER]: Yes, Your Honor.
> "THE COURT: *And do you agree that you have a criminal history score of an A in both of those cases*?
> "[WHEELER]: *Yes, Your Honor*.
> "THE COURT: And do you know of any reason we shouldn't proceed with sentencing today?
> "[WHEELER]: No, Your Honor." (Emphasis added.)

The State agreed with the criminal history score and the district court found her criminal history score was A. The district court sentenced Wheeler to the mitigated sentence of 40 months' imprisonment in 19 CR 1514. In 19 CR 1515, the district court sentenced Wheeler to the mitigated sentence of 30 months' imprisonment. The court ordered the sentences to run consecutive and denied Wheeler's request for a dispositional departure to probation in each case.

Wheeler filed a notice of appeal and this court consolidated both cases on appeal.

DISCUSSION

Before addressing the merits of Wheeler's arguments, this court must address the State's prefatory contention regarding jurisdiction.

4

I.      JURISDICTION

The State argues that this court lacks jurisdiction to address Wheeler's appeal because she untimely filed her notice of appeal, and she withdrew her objection to her criminal history score of A and then stipulated to it. This court exercises unlimited review over questions regarding its jurisdiction. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

1.      *Wheeler's notice of appeal was not untimely.*

The manner and method of appeal is set forth by statute and, subject to limited exceptions, an appeal not taken within the statutorily required time frame must be dismissed. 304 Kan. at 919. Generally, appellants have 14 days from the date the district court enters a sentence in which to appeal. K.S.A. 2020 Supp. 22-3608(c). The district court sentenced Wheeler on March 17, 2020, but she did not file her notice of appeal until April 15, 2020—more than 14 days after sentencing. However, because of the onset of the COVID-19 pandemic in March 2020, the Kansas Supreme Court issued Administrative Order 2020-PR-016, effective March 19, 2020, in which it suspended "all statute of limitations and statutory time standards or deadlines applying to the conduct or processing of judicial proceedings" and stated that while the order was pending "no action shall be dismissed for lack of prosecution."

Because Administrative Order 2020-PR-016 took effect before the expiration of the statutory deadline for Wheeler to file her notice of appeal, the Kansas Supreme Court relieved Wheeler of the obligation to file her notice of appeal within the statutorily required 14 days. Accordingly, the State's contention that Wheeler's appeal is untimely is meritless.

2. *Wheeler's stipulation to her criminal history score does not preclude her appeal.*

Next, the State contends that Wheeler's claims on appeal are barred because she withdrew her objection to her criminal history score of A and then stipulated to it. However, as the Kansas Supreme Court has found—a defendant's stipulation to an erroneous criminal history score does not preclude appellate review of the legality of their sentence. See *State v. Hankins*, 304 Kan. 226, 232, 272 P.3d 1124 (2016) ("[t]he computation of the presumptive term of imprisonment . . . was a legal determination" and that a defendant cannot stipulate to a legal conclusion). Kansas law is clear that a defendant cannot agree to an illegal sentence. See, e.g., *State v. Weber*, 297 Kan. 805, 814-15, 304 P.3d 1262 (2013). Contrary to the State's contention, this court has jurisdiction to correct an illegal sentence at any time—even if a defendant stipulated or agreed to their criminal history score. *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018).

II.   WHEELER FAILED TO PROVE HER SENTENCES WERE ILLEGAL.

With the jurisdictional issues decided, this court turns to the merits of Wheeler's claims. Both arguments rest on her contention that her criminal history score is inaccurate and that her resulting sentences are illegal. A sentence is illegal when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1); *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). Whether a sentence is illegal under K.S.A. 2020 Supp. 22-3504 is a question of law over which this court exercises unlimited review. *State v. Bryant*, 310 Kan. 920, 921, 453 P.3d 279 (2019). An illegal sentence may be corrected at any time, even when raised for the first time on appeal. K.S.A. 2020 Supp. 22-3504(a); *Hambright*, 310 Kan. at 411.

6

The State contends that because Wheeler agreed to her PSI report and stipulated to her criminal history score at sentencing—she now bears the burden to prove the State incorrectly calculated her criminal history score. See K.S.A. 2020 Supp. 21-6814(c). Kansas law requires that the defendant's criminal history be either "admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge." K.S.A. 2020 Supp. 21-6814(a). This means that when the defendant admits to their criminal history score and does not object to the State's criminal history determination before sentencing, the burden of proof shifts to the defendant for any later objection or appeal "[i]f the offender later challenges such offender's criminal history, which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence." K.S.A. 2020 Supp. 21-6814(c); see also *State v. Corby*, 314 Kan. 793, ___, 2022 WL 186579, at * 3(No. 122,584, filed January 21, 2022) (finding the defendant's admission to the criminal history relieved the State of the burden of proving the criminal history on appeal); *State v. Roberts*, 314 Kan. 316, 336, 498 P.3d 725 (2021) (the State met its burden to establish that misdemeanor convictions included in the criminal history were properly counseled when the defendant did not object before sentencing).

In *Corby*, the Kansas Supreme Court explained the defendant's admission to his criminal history "relieved the State of having to present anything more to support the criminal history score." 2022 WL 186579, at *3. Importantly, Wheeler is not prevented from attacking her criminal history either on direct appeal or later through a motion to correct an illegal sentence—but she now carries the burden of proving the State's criminal history score was incorrect. This court recognizes that this burden shift is not slight or inconsequential. Because Wheeler withdrew her objection and admitted her criminal history score in open court, this court must now determine if she has met her burden to prove her criminal history score was actually incorrect.

7

1.      *Wheeler failed to assert a claim that the State erroneously classified her Texas convictions as person offenses.*

Wheeler challenges the legality of her sentence in 19 CR 1514, alleging the district court erred in determining her criminal history score by classifying her 2003 Texas convictions for aggravated assault with a deadly weapon as person felonies. Under the Kansas Sentencing Guidelines Act (KSGA), Kansas law controls whether an out-of-state crime is classified as a person or nonperson offense. K.S.A. 2020 Supp. 21-6811(e)(3). Wheeler asserts that in case 19 CR 1514 these 2003 Texas convictions should have been scored as nonperson felonies under the identical-or-narrower rule adopted in *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 3, 412 P.3d 984 (2018). Wheeler committed the offense in 19 CR 1514 on May 1, 2019, before the Legislature's 2019 amendment which changed how courts determine the classification of out-of-state offenses, but she committed the offense in 19 CR 1515 after the amendment's effective date. Compare K.S.A. 2018 Supp. 21-6811(e)(3) with K.S.A. 2019 Supp. 21-6811(e)(3); see L. 2019, ch. 59, § 15, effective May 23, 2019. Therefore, Wheeler only objects to the classification of her 2003 Texas convictions in 19 CR 1514.

For case 19 CR 1514, before classifying an out-of-state offense in a criminal history as person or nonperson, the district court needed to determine whether the elements of her 2003 Texas convictions had a comparable Kansas crime. See K.S.A. 2018 Supp. 21-6811(e)(3). To be comparable, "the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *Wetrich*, 307 Kan. at 562. Accordingly, Wheeler is partially correct in that the State was required to prove by a preponderance of the evidence that her Texas convictions were properly classified as person offenses under *Wetrich*—unless she admitted to her criminal history in open court.

8

"The offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge." K.S.A. 2020 Supp. 21-6814(a). The statute clearly requires only one method of proof—either an admission by the offender or proof by the State. Additionally, if the offender objects to their criminal history before sentencing—which Wheeler did not do here—the State retains the burden to prove the criminal history. K.S.A. 2020 Supp. 21-6814(c) (if an offender objects to the criminal history worksheet, "[t]he state shall have the burden of proving the disputed portion of the offender's criminal history"). But, as noted above, if the offender admits to the criminal history in open court and fails to object prior to sentencing, then "the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence." K.S.A. 2020 Supp. 21-6814(c); see *Corby*, 314 Kan. ___, 2022 WL 186579, at *2-3. Wheeler's admission to her criminal history score alleviated the State's burden—and her failure to object prior to sentencing shifted the burden of proof to her for any later objection on appeal.

According to the PSI report, Wheeler's Texas convictions arose under Tex. Penal Code Ann. § 22.02(a)(2), which provides that aggravated assault with a deadly weapon occurs when "the person commits assault as defined in § 22.01 and the person . . . uses or exhibits a deadly weapon during the commission of the assault." Tex. Penal Code Ann. § 22.01(a)(2) (West 2003). The statute requires a showing that Wheeler committed an assault. See Tex. Penal Code Ann. § 22.01 (West 2003). Therefore, the key question under *Wetrich* is whether an assault under Texas law has identical, or narrower elements than the comparable Kansas offense. See *Wetrich*, 307 Kan. 552, Syl. ¶ 3.

In Texas, a person can commit assault in the following three ways:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

9

"(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

"(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." Tex. Penal Code Ann. § 22.01(a) (West 2003).

Wheeler fails to identify under which version of the offense she was convicted. The PSI report does not include the subsection from §22.02 under which she was convicted, and Wheeler offers no other evidence to establish she was convicted under a Texas statute that was broader than the comparable Kansas statute. See K.S.A. 2020 Supp. 21-5412(b)(1). In other words, the record on appeal contains no evidence supporting her claimed error. If this court does not know the elements underlying Wheeler's Texas convictions, it cannot analyze whether the elements are identical to or narrower than the elements of the comparable Kansas crime. Accordingly, Wheeler's claim that her sentence in 19 CR 1514 may be illegal based on misclassification of her prior out-of-state convictions is dismissed, consistent with the disposition of the appeals in *Corby* and *Roberts*. See *Corby*, 314 Kan. ___, 2022 WL 186579, at *3; *Roberts*, 314 Kan. at 336.

2.      *Any error in including Wheeler's prior conviction for criminal threat in her criminal histories was harmless.*

Wheeler also claims that both of her sentences are illegal because her criminal history score for both cases was based, in part, on her prior criminal threat conviction under K.S.A. 2018 Supp. 21-5415(a)(1)—a statute the Kansas Supreme Court has found partially unconstitutional. See *Boettger*, 310 Kan. at 801 (finding part of the criminal threat statute overbroad because it could impede constitutionally protected free speech). This court need not dwell on Wheeler's argument nor reach a decision because, having dismissed her claim alleging misclassification of her prior Texas convictions in 19 CR 1514, any error regarding classification or inclusion of her criminal threat conviction

10

would be harmless. At sentencing in 19 CR 1515 and 19 CR 1514, Wheeler's criminal history included five person felonies, three of which were the 2003 Texas convictions for aggravated assault with a deadly weapon. Because this court dismissed her claims regarding those Texas convictions, Wheeler still has at least three prior person felony convictions—even without considering her conviction for criminal threat—making her criminal history score at sentencing an A. See K.S.A. 2020 Supp. 21-6809; *Mitchell v. State*, No. 119,181, 2019 WL 405613 (Kan. App. 2019) (unpublished opinion) (declining to reach defendant's claim of illegal sentence when the outcome would not change the defendant's criminal history score). Any error made by the district court when it included Wheeler's conviction for criminal threat in her criminal history score was harmless because it would not have changed her criminal history score. See K.S.A. 2020 Supp. 60-261. Thus, her substantial rights were not affected, and her sentence in 19 CR 1515 is affirmed.

CONCLUSION

Wheeler failed to designate a record to support a claim that her sentence in 19 CR 1514 was illegal because her prior out-of-state convictions were incorrectly classified as person offenses, thus this claim is dismissed. Finally, this court declines to address Wheeler's second claim—that her sentences in 19 CR 1514 and 19 CR 1515 were illegal because her criminal history score may have included an unconstitutional conviction for criminal threat—because any correction would not change her criminal history score.

Affirmed in part and dismissed in part.