IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 120,683

STATE OF KANSAS,
*Appellee*,

v.

VIRGIL S. BRADFORD,
*Appellant.*

SYLLABUS BY THE COURT

1.

If a criminal defendant moves to correct an illegal sentence, courts judge the sentence's legality as of the time the sentencing judge pronounced the sentence. Later changes in the law do not render a legal sentence illegal.

2.

A motion to correct illegal sentence is an inappropriate vehicle for challenging the constitutionality of a sentence.

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed July 2, 2020. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, was on the briefs for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.: Virgil S. Bradford argues his grid-sentence, which became final in 2003, is illegal because the district court erred in calculating his criminal history score. More specifically, Bradford argues the district court improperly classified his prior Missouri burglary conviction as a person felony under *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018).

We reject Bradford's challenge, holding two of this court's recent opinions foreclose it. First, as held in *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) (*Murdock II*), a sentence is not an "illegal sentence" under K.S.A. 22-3504 because of a change in the law *after* the district court imposes the sentence. Second, we recently held that *Wetrich* is a change in the law as contemplated by *Murdock II*. *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019).

FACTUAL AND PROCEDURAL BACKGROUND

The facts leading to Bradford's prosecution are set out in *State v. Bradford*, 272 Kan. 523, 34 P.3d 434 (2001). A detailed recitation of those facts is unnecessary to resolve the issue in this appeal. Relevant here, in 1999, a jury convicted Bradford of capital murder, aggravated robbery, aggravated burglary, and two counts of felony theft.

The district court later imposed a hard 40 sentence for Bradford's capital murder conviction—an off-grid crime not impacted by Bradford's *Wetrich* argument. As for Bradford's grid crimes, Bradford's criminal history worksheet showed three prior convictions:  a 1990 Missouri burglary classified as a nonperson felony, a 1993 Missouri burglary classified as a person felony, and a 1995 Missouri aggravated assault classified

2

as a person felony. The district court found Bradford's criminal history classification was B and sentenced Bradford to upward departure sentences on the grid crimes.

On direct appeal, among other issues, Bradford challenged the sentences imposed for both his capital murder and grid crimes. This court affirmed Bradford's conviction and sentence for capital murder and affirmed Bradford's grid crime convictions. But this court vacated Bradford's upward durational departure sentences for his grid crimes under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000) (holding United States Constitution requires any fact that increases penalty for crime beyond prescribed statutory maximum, other than the fact of prior conviction, must be submitted to jury, not determined by a judge, and proved beyond reasonable doubt), and *State v. Gould*, 271 Kan. 395, 23 P.3d 801 (2001) (holding Kansas' sentencing statutes permitting upward departure sentences based on judge's finding of one or more aggravating factors by a preponderance of the evidence is unconstitutional on its face under *Apprendi*), and remanded the case to the district court for resentencing. *Bradford*, 272 Kan. at 542.

In 2002, the district court resentenced Bradford for his grid crimes. The district court made an undisputed finding that Bradford's criminal history score was B and applied that score in arriving at a 190-month sentence for Bradford's aggravated robbery conviction. The district court used an I criminal history score in determining the sentences for the remaining counts and ran each on-grid count consecutive to the other and to the capital murder charge.

Following his resentencing, Bradford again appealed to this court, renewing his challenge to his hard 40 sentence. In an unpublished opinion, this court rejected

3

Bradford's arguments and affirmed his convictions and sentences. The mandate issued 17 years ago. Since that time, Bradford has filed multiple postconviction motions.

At issue is Bradford's 2018 motion to correct an illegal sentence. In that motion, he again challenged his hard 40 sentence. The district court denied the motion, finding courts had previously considered and denied Bradford's claims.

Bradford timely appealed to this court. For the first time on appeal, he argues his on-grid sentence is illegal because of a criminal history scoring error. Jurisdiction is proper. See K.S.A. 2019 Supp. 22-3601(b)(3) (The Supreme Court has jurisdiction over any case in which a maximum sentence of life imprisonment has been imposed.).

ANALYSIS

Bradford's appellate argument is that the original and resentencing courts erred in finding his criminal history score was B by improperly scoring his 1993 Missouri burglary conviction as a person felony. He argues his sentence is illegal as a result. If Bradford is correct, his criminal history score should have been C. See K.S.A. 21-4704 (now K.S.A. 2019 Supp. 21-6804).

The parties raise two procedural issues, neither of which is jurisdictional. First, Bradford acknowledges he raises this issue for the first time on appeal. Under K.S.A. 2018 Supp. 22-3504(1), a defendant may move to correct an illegal sentence at any time. We recognize that after Bradford filed his 2019 appellate brief, the Legislature amended K.S.A. 22-3504 to provide that "[t]he court may correct an illegal sentence at any time *while the defendant is serving such sentence*." (Emphasis added.) K.S.A. 2019 Supp. 22-3504(a). Although additional 2019 amendments to K.S.A. 22-3504 are discussed below, for purposes of this appeal, whether the 2018 or 2019 version of the statute

4

applies to Bradford is not dispositive. Specific to this procedural issue, there is no doubt Bradford continues to serve his sentence.

The State raises another procedural issue, arguing res judicata should bar Bradford's challenge. We need not sort through this issue because recent caselaw has impacted the State's arguments and other caselaw disposes of Bradford's arguments in the State's favor.

Thus, we turn to whether Bradford's sentence is illegal. A sentence is illegal if it (1) is imposed by a court lacking jurisdiction, (2) fails to conform to the applicable statutory provisions, or (3) is ambiguous with respect to the time and manner that the sentence is to be served. "A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2018 Supp. 22-3504(3); see also K.S.A. 2019 Supp. 22-3504(c)(1) (same).

Bradford argues his sentence is illegal because it fails to conform to applicable law. His arguments present a question of law over which this court has unlimited review. See *State v. Bryant*, 310 Kan. 920, 921, 453 P.3d 279 (2019) (illegal sentence issue presents question of law); *Wetrich*, 307 Kan. at 555 (classification of prior crimes requires interpretation of the revised Kansas Sentencing Guidelines Act; statutory interpretation is question of law).

As a matter of law, Bradford's arguments fail because his sentence was not illegal when imposed. He asks us to apply post-sentencing changes in the law. A review of the law and its changes put his arguments in context.

Bradford's argument hinges on the criminal history scoring of his two Missouri burglary convictions—one of which the district court classified as a person felony and the

5

other the court classified as a nonperson felony. He contends the court should have classified both as nonperson crimes because Missouri's burglary statute is not comparable to K.S.A. 21-3715 (burglary) or K.S.A. 21-3716 (aggravated burglary).

He focuses on comparability because of statutory language used in the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 et seq. (Furse 1995). At the time of Bradford's sentence, the statute directed a court to classify an out-of-state conviction as either person or nonperson by referring to "comparable offenses" in Kansas statutes. K.S.A. 21-4711(e) (Furse 1995). See also K.S.A. 21-4711(e) (same); K.S.A. 2018 Supp. 21-6811(e)(3) (containing similar language regarding comparable offenses).

The term "comparable offense" was not statutorily defined. But at the time of Bradford's initial sentencing hearing and his 2002 resentencing on remand (and for many more years), caselaw defined "comparable offense" as the "closest approximation." *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003); see *State v. Sartin*, 310 Kan. 367, 370-71, 446 P.3d 1068 (2019).

Later, in *Wetrich*, 307 Kan. at 562, we held that the definition of "comparable offense" required that "the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." Bradford argues that under this definition a sentencing court would classify his 1993 Missouri burglary conviction as a nonperson felony for criminal history purposes.

The State correctly counters that because Bradford's sentence was final long before this court decided *Wetrich*, he cannot rely on *Wetrich* for relief. Bradford acknowledges his on-grid sentences became final in June 2003 and that he first raised the *Wetrich* issue in March 2019. As the State argues, these admissions mean "the illegal

6

sentence statute itself and recent decisions from this court foreclose [Bradford's] challenge." *Bryant*, 310 Kan. at 921.

This conclusion follows from a series of cases. The first, *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) (*Murdock II*), held that "the legality of a sentence under K.S.A. 2018 Supp. 22-3504 [the illegal sentence statute] is controlled by the law in effect at the time the sentence was pronounced." This means that "neither party can avail itself of subsequent changes in the law." 309 Kan. at 591.

Then, the Legislature "echoed the *Murdock II* holding by amending the illegal sentence statute." *Bryant*, 310 Kan. at 922. The statute now defines the phrase "change in the law" to mean "a statutory change or an opinion by an appellate court of the state of Kansas, unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction." K.S.A. 2019 Supp. 22-3504(c)(2).

The Legislature provided that these amendments were "procedural in nature" and "shall be construed and applied retroactively." K.S.A. 2019 Supp. 22-3504(d).

Next, in June 2019, this court decided *State v. Weber*, 309 Kan. 1203, 442 P.3d 1044 (2019), holding "*Wetrich* was a change in the law as contemplated by *Murdock II*" because "[b]efore *Wetrich*, no Kansas case construed the term 'comparable' as used in K.S.A. 2018 Supp. 21-6811(e)(3), formerly K.S.A. 21-4711(e), to incorporate the identical-or-narrower requirement." 309 Kan. at 1209.

Finally, in November 2019, this court decided *Bryant*. There, Bryant argued his 2005 sentence was illegal under *Wetrich*. More specifically, he challenged the classification of his three 1981 Missouri convictions for second-degree burglary as person crimes. After discussing *Murdock II*, the 2019 amendments to K.S.A. 22-3504,

and *Weber*, this court ultimately held *Weber* "doom[ed]" Bryant's *Wetrich* argument. *Bryant*, 310 Kan. at 922.

In his reply brief, Bradford acknowledges *Murdock II* and *Weber* but submits we wrongly decided *Weber* because *Wetrich* was not a change in the law. Bradford suggests that *Wetrich* (a) merely defined "comparable" by overruling and clarifying the holding in *Vandervort*; and (b) *Wetrich* correctly applied the bar on judicial fact-finding of *Apprendi*, as used in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*), and *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016) (*Dickey II*).

Since he briefed this argument, we reaffirmed *Weber* in *Bryant*. Based on this recent reaffirmation, we hold that *Weber* controls and forecloses Bradford's *Wetrich* argument.

Bradford makes other arguments that are constitutionally based. But in *Bryant*, this court again reiterated the well-known principle that "'the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision.'" *Bryant*, 310 Kan. at 922. Thus, Bradford's constitutionally based arguments are not properly before this court.

Aside from his constitutionally based arguments, Bradford does not explain why the sentencing court should have classified his prior 1993 Missouri burglary conviction as a nonperson felony. Further, while Bradford's brief mentions *Dickey I* in the issue statement, he makes no analysis of the decision. If a party does not raise an argument, we consider it waived. And a party's failure to argue a point only incidentally raised is akin to failing to brief the issue. *State v. Tatro*, 310 Kan. 263, 272, 445 P.3d 173 (2019).

8

In sum, under *Murdock II*, *Weber*, and *Bryant*, we hold Bradford has failed to establish that the district court imposed an illegal sentence for purposes of K.S.A. 22-3504. The district court thus did not err in denying his motion.

Affirmed.

MICHAEL E. WARD, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:**  Senior Judge Michael E. Ward was appointed to hear case No. 120,683 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.