NOT DESIGNATED FOR PUBLICATION

No. 121,792

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANYEL R. MILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed November 6, 2020. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and WALKER, S.J.

PER CURIAM: Danyel R. Miller appeals the district court's decision to revoke his probation and order him to serve his original sentence. Miller raises no issue about his probation revocation, but he argues that his original sentence, imposed in February 2019, is illegal because his criminal history score includes prior convictions for criminal threat. Miller argues that because the Kansas Supreme Court held reckless criminal threat unconstitutional in *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020), his criminal history score should not have included his prior criminal threat convictions and his sentence is illegal. But this case is not Miller's direct

1

sentencing appeal, and *Boettger* is a change in the law that does not render Miller's previously pronounced sentence illegal. As a result, Miller's sentence is legal, and we affirm the district court's judgment.

FACTS

On October 19, 2018, the State charged Miller with criminal possession of a weapon by a felon, interference with law enforcement, and criminal trespass. On November 9, 2018, Miller pled guilty to all three charges in exchange for the State's recommendation of a dispositional departure to probation.

The presentence investigation report reflected that Miller had three Kansas criminal threat convictions in 2005 scored as person felonies, giving him a criminal history score of A. On February 5, 2019, the district court sentenced Miller to 23 months in prison and 6 months in jail but granted a dispositional departure to probation for 18 months. Miller did not timely appeal his sentence.

Miller's probation was unsuccessful. On March 27, 2019, Miller admitted to violating the terms of his probation and the district court imposed a 60-day jail sanction. Then on August 19, 2019, Miller admitted to violating the terms of his probation by committing a new offense. The district court revoked Miller's probation and ordered him to serve his original sentence. Miller timely appealed his probation revocation. On October 25, 2019, the Kansas Supreme Court filed its decision in *Boettger*, holding the Kansas reckless criminal threat statute unconstitutional. 310 Kan. at 822-23.

ANALYSIS

On appeal, Miller makes no claim that the district court erred in revoking his probation. Instead, Miller argues, for the first time on appeal, that his underlying sentence

2

is illegal because the district court incorrectly calculated his criminal history score. Under the revised Kansas Sentencing Guidelines Act (KSGA), a defendant's sentence depends on the crime of conviction and the defendant's criminal history score. K.S.A. 2019 Supp. 21-6804(d). K.S.A. 2019 Supp. 21-6810 enumerates various rules applicable to calculating a defendant's criminal history score. One rule states: "Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." K.S.A. 2019 Supp. 21-6810(d)(9).

Relying on this rule, Miller argues that the district court improperly calculated his criminal history score when it included his three prior convictions for criminal threat because the Kansas Supreme Court held reckless criminal threat was unconstitutional in *Boettger*. Miller concedes that *Boettger* was decided after the district court pronounced his sentence. But he argues that because *Boettger* was "a straight-forward application" of *Virginia v. Black*, 538 U.S. 343, 123 S. Ct. 1536, 155 L. Ed. 2d 535 (2003), which was decided in 2003, the Kansas reckless criminal threat statute was unconstitutional when he was sentenced and he should receive the benefit of *Boettger*.

The State's appellate brief concedes that the 2005 criminal threat statute contained the same reckless disregard language *Boettger* held unconstitutional. But the State's brief advances two reasons why Miller has no right to relief: (1) because *Boettger* was not final, and (2) because Miller has the burden to establish his criminal history is wrong and he has failed to show that his prior Kansas convictions were for reckless criminal threat rather than intentional criminal threat, which is not unconstitutional.

The two arguments advanced by the State in its brief are easily disposed of. First, although *Boettger* was not final when the State submitted its brief, it has since become final because the United States Supreme Court denied certiorari and issued the mandate. See *Kansas v. Boettger*, 140 S. Ct. 1956 (2020). Miller acknowledged this development

3

and filed a Supreme Court Rule 6.09 (2020 Kan. S. Ct. R. 39) letter of additional authority stating that *Boettger* was now a final decision. Second, it is the State's burden to prove a defendant's criminal history. *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019); see K.S.A. 2019 Supp. 21-6814. Under *Obregon*, when the record on appeal lacks substantial competent evidence to support a district court's classification of a prior conviction, a remand is needed to allow the district court to determine the propriety of including the prior conviction in the defendant's criminal history. 309 Kan. at 1275-76.

After briefing was completed, the State filed a Rule 6.09 letter of additional authority. The State cites *State v. Bradford*, 311 Kan. 747, 466 P.3d 930 (2020), for its propositions that the legality of a sentence is fixed when it is pronounced and a defendant's sentence is not rendered illegal by a subsequent change in the law. Using the analysis in *Bradford*, the State argues for the first time that *Boettger* is a change in the law that cannot be used to render Miller's legally pronounced sentence illegal.

Miller responded to the State's Rule 6.09 letter. Miller correctly asserts that the rules the State derives from *Bradford* were established in *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*), which *Bradford* cites. Miller correctly asserts that the "change in the law" argument existed before the State filed its brief. Miller argues that because the State raised the change in the law argument for the first time in a Rule 6.09 letter, the argument should be deemed waived. Miller also points out that he addressed the change in the law rules in his original brief by arguing that *Boettger* was a straight-forward application of *Black*, which predated his sentencing.

*The State waived the argument included in its Rule 6.09 letter.*

Miller is correct that "'Rule 6.09(b) letters are reserved for citing significant relevant authorities not previously cited which come to a party's attention after briefing. . . . [A]n appellate court will not consider new issues raised for the first time in a

4

party's Rule 6.09(b) letter.'" *State v. Arnett*, 307 Kan. 648, 652, 413 P.3d 787 (2018). The State did not argue in its brief that Miller had no right to relief because *Boettger* was a change in the law, even though the State could have made that argument based on existing caselaw. Thus, the State waived this argument by failing to properly brief it.

But simply because the State waived the change in the law argument does not mean this court cannot apply the change in the law preclusion. This court must still address the merits of Miller's illegal sentence claim regardless of what the State argues. The governing law for this claim is found in K.S.A. 2019 Supp. 22-3504, and the statute defines an "illegal sentence" to preclude a subsequent change in the law. See K.S.A. 2019 Supp. 22-3504(c)(1) ("A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced."). Although the State can waive the argument, it cannot waive the applicable law.

A similar situation occurred in *State v. Weber*, 309 Kan. 1203, 442 P.3d 1044 (2019). There the appellant raised an illegal sentence argument. The State, in a Rule 6.09 letter, argued for the first time that the appellant had no right to relief because the statute precludes a change in the law from applying to a previously pronounced sentence. The Kansas Supreme Court found the State waived this argument by raising it for the first time in its Rule 6.09 letter. 309 Kan. at 1208. But the Supreme Court then addressed the merits of the appellant's illegal sentence claim, citing the change in the law preclusion as enumerated in *Murdock II*. The Supreme Court ultimately rejected the appellant's claim on this basis. *Weber*, 309 Kan. at 1209.

Finally, as Miller points out, he anticipated the change in the law argument in his original brief. Thus, although the State waived the argument, Miller himself raised it and is not prejudiced if we apply the law that applies to Miller's illegal sentence claim.

In sum, the State improperly raised a new argument in its Rule 6.09 letter. That said, even though the State waived the argument, we must still examine the change in the law preclusion as our Supreme Court did in *Weber* because it is part of the law governing an illegal sentence claim and Miller himself raised the issue in his brief.

*Miller's sentence was not illegal.*

Turning to the merits of Miller's illegal sentence claim, he did not timely appeal his original conviction or sentence and is now raising his argument on appeal from his probation revocation. Miller correctly argues he can raise an illegal sentence claim for the first time in an appeal from a probation revocation hearing. See *State v. Dickey*, 305 Kan. 217, 221-22, 380 P.3d 230 (2016); K.S.A. 2019 Supp. 22-3504(a) (stating the court may correct an illegal sentence at any time).

Classification of prior convictions for criminal history purposes involves interpretation of the KSGA. Statutory interpretation is a question of law subject to unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

An illegal sentence can be corrected "at any time while the defendant is serving such sentence." K.S.A. 2019 Supp. 22-3504(a). An illegal sentence is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2019 Supp. 22-3504(c)(1). But a sentence is not rendered illegal because of a change in law after the sentence is pronounced. K.S.A. 2019 Supp. 22-3504(c)(1). A "change in law" is "a statutory change or an opinion by an appellate court of the state of Kansas, unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction." K.S.A. 2019 Supp. 22-3504(c)(2).

6

The district court sentenced Miller on February 5, 2019. Miller did not timely appeal his sentence, so by law his sentence became final 14 days after it was pronounced from the bench. See K.S.A. 2019 Supp. 22-3608(c). *Murdock II* holds the legality of a sentence "is controlled by the law in effect at the time the sentence was pronounced." 309 Kan. at 591. "[S]ubsequent changes in the law" cannot transform a legal sentence into an illegal sentence. 309 Kan. at 591.The only exception to this rule is that a defendant receives the benefit of a change in the law if it occurs while a direct appeal is pending, because a sentence is not final until the direct appeal is completed. 309 Kan. at 591.

Miller was convicted of criminal threat in 2005. The district court sentenced Miller in February 2019 and counted his prior convictions in his criminal history. In October 2019, the Kansas Supreme Court held the offense of reckless criminal threat was unconstitutional in *Boettger*, 310 Kan. at 823. Recognizing that *Boettger* would not apply to his sentence if it is considered a change in law, because he is not on direct appeal of his sentence, Miller argues that *Boettger* merely applied *Black*. Miller contends that *Black*, a 2003 United States Supreme Court case, rendered the Kansas reckless criminal threat statute unconstitutional. But Miller's argument is unpersuasive.

*Black* did not hold, or even address, that the Kansas offense of reckless criminal threat was unconstitutional. *Black* addressed a Virginia cross-burning statute and whether it violated the First Amendment's Free Speech Clause. 538 U.S.at 358-63. The Kansas Supreme Court acknowledged that neither *Black* nor any other United States Supreme Court case addressed whether a threat issued in reckless disregard of causing fear was unconstitutionally overbroad. *Boettger*, 310 Kan. at 809. The *Boettger* court reiterated that "*Black* did not directly address whether the First Amendment tolerates a conviction for making a threat even though there was no intent to cause fear." *Boettger*, 310 Kan. at 812.

7

Granted, the Kansas Supreme Court analyzed the reasoning in *Black* because "the decision explains the intent necessary to have a true threat prosecuted without violating the First Amendment's protections." *Boettger*, 310 Kan. at 812. The Kansas Supreme Court explained that the *Black* decision was insightful because it conveyed a general definition of true threats—threats that are not protected by the First Amendment—which required intentional conduct. *Boettger*, 310 Kan. at 822. Using *Black*'s definition of true threats, the *Boettger* court examined the Kansas criminal threat statute and found the offense of reckless criminal threat was unconstitutional. 310 Kan. at 822-23.

In sum, it was *Boettger*, not *Black*, that declared the Kansas reckless criminal threat statute unconstitutional. The Kansas Supreme Court decided *Boettger* eight months after Miller's sentence became final. Thus, *Boettger* is a subsequent change in the law. See K.S.A. 2019 Supp. 22-3504(c)(2). Because the legality of a sentence is controlled by the law in effect when it was pronounced, Miller cannot receive the benefit of *Boettger*. See K.S.A. 2019 Supp. 22-3504(c)(1); *Murdock II*, 309 Kan. at 591 ("[T]he legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. . . . [N]either party can avail itself of subsequent changes in the law.").

Although K.S.A. 2019 Supp. 21-6810(d)(9) states that prior convictions of a crime defined by a statute later found to be unconstitutional will not be used for criminal history scoring purposes, that provision does not grant defendants perpetual relief from a sentence that was legal when it was pronounced. When Miller was sentenced, both reckless and intentional criminal threat were constitutional. Miller is "stuck with the law in effect at the time the sentence was pronounced." *Murdock II*, 309 Kan. at 592. The district court properly counted Miller's prior convictions for criminal threat in his criminal history. As a result, Miller's sentence is not illegal.

Affirmed.