NOT DESIGNATED FOR PUBLICATION

No. 122,167

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIJIN M. MCCULLOUGH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed February 19, 2021.
Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: This is a sentencing appeal. Brijin M. McCullough pled guilty to
one count of aggravated burglary and one count of misdemeanor theft. Without objection,
the district court found McCullough's criminal history score was C, sentenced him to a
presumptive sentence, and granted a dispositional departure to probation. Two years later,
the district court revoked McCullough's probation and imposed a modified prison
sentence.

1

On appeal, McCullough does not contest the district court's ruling revoking his probation. Instead, he claims he was given an illegal sentence. McCullough challenges the district court's calculation of his criminal history score because of a change in the law that occurred two years after his sentencing that conceivably could result in a lesser sentence. McCullough also challenges the district court's determination of a criminal history score of C because a prior conviction was erroneously scored as a felony. The State concedes the district court erred in this regard but argues that, despite this error, the district court properly scored McCullough's criminal history. Finding no reversible error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2017, McCullough pled guilty to one count of aggravated burglary in violation of K.S.A. 2016 Supp. 21-5807(b)(1), (c)(2)(A) and one count of misdemeanor theft in violation of K.S.A. 2016 Supp. 21-5801(a)(1), (b)(4). A presentence investigation (PSI) report classified McCullough's criminal history as C. Of relevance to this appeal, McCullough's criminal history included convictions for:

- Criminal threat under K.S.A. 2016 Supp. 21-5415(a)(l)—scored as a person felony.
- Possession of marijuana after a prior conviction under K.S.A. 2016 Supp. 21-5706(b)(3), (c)(2)(B)—scored as a nonperson felony; and
- Criminal possession of a firearm under K.S.A. 2016 Supp. 21-6304(a)(3)(A)— scored as a nonperson felony.

McCullough was sentenced on February 22, 2017. At sentencing, McCullough stated he had "[n]o objections" to his criminal history and the district court determined that his criminal history score was C. The district court granted a downward dispositional departure to 36 months' probation and imposed an underlying sentence of 75 months'

imprisonment for aggravated burglary with a concurrent 12-month jail sentence for theft. McCullough did not file a direct appeal of his convictions or sentence.

Over the next two years, McCullough violated his probation four times. As a result, he received various intermediate jail time sanctions and a 120-day sanction with the Kansas Department of Corrections.

On October 24, 2019, after McCullough's fifth probation violation, the district court revoked his probation and ordered him to serve a modified sentence of 60 months' imprisonment. Relevant to this appeal, one day after the district court revoked McCullough's probation and imposed the modified sentence, the Kansas Supreme Court issued *State v. Boettger*, 310 Kan. 800, Syl. ¶ 3, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020), which held that "[t]he portion of K.S.A. 2018 Supp. 21-5415(a)(1) allowing for a conviction if a threat of violence is made in reckless disregard for causing fear is unconstitutionally overbroad."

McCullough filed a timely appeal.

LEGALITY OF MCCULLOUGH'S SENTENCE AFTER *BOETTGER*

McCullough appeals from the district court's judgment revoking his probation and ordering him to serve a modified sentence. But McCullough does not challenge the district court's ruling revoking his probation. Instead, he contends that his original sentence is illegal because his criminal history score may include a prior conviction for one type of criminal threat the Kansas Supreme Court later held was unconstitutional in *Boettger*. Consequently, McCullough asks us to vacate his sentence and to remand for further findings regarding his criminal history and resentencing.

3

Several facts are important to the resolution of this appeal. After his convictions on January 10, 2017, a PSI report classified McCullough's criminal history as C. Included in the criminal history was a conviction for criminal threat, a person felony. The PSI report did not clarify, however, whether the conviction was for an intentional or reckless criminal threat. See K.S.A. 2016 Supp. 21-5415(a)(l). On February 22, 2017, at sentencing, McCullough stated that he had "[n]o objections" to his criminal history as recorded in the PSI report. This resulted in the district court finding that his criminal history score was C. McCullough did not file a direct appeal of his convictions or sentences. After multiple violations of his probation in the ensuing years, on October 24, 2019, the district court revoked his probation and ordered him to serve a modified sentence. The next day, our Supreme Court issued its opinion in *Boettger.* McCullough then appealed his probation revocation.

In *Boettger*, our Supreme Court held that "[t]he portion of K.S.A. 2018 Supp. 21-5415(a)(1) allowing for a conviction if a threat of violence is made in reckless disregard for causing fear is unconstitutionally overbroad because it punishes conduct that may be constitutionally protected under some circumstances." 310 Kan. 800, Syl. ¶ 3. In his appeal, McCullough argues that "the record does not indicate whether the 2012 criminal threat [conviction] was for the unconstitutional 'reckless disregard.' When the record does not contain substantial competent evidence to support a criminal history classification, remand is required to determine the appropriate classification." McCullough's argument is based on the revised Kansas Sentencing Guidelines Act (KSGA), which provides that a defendant's sentence depends on the crime of conviction and the defendant's criminal history score. K.S.A. 2020 Supp. 21-6804(d). For relief, McCullough "requests that this Court vacate his sentence and remand this matter to the district court with directions to recalculate the criminal history score and resentence Mr. McCullough."

At the outset, it is necessary to state our standard of review. Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate

court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). Our court also exercises unlimited review over the classification of a prior conviction for criminal history purposes. *State v. Ewing*, 310 Kan. 348, 351, 446 P.3d 463 (2019) ("The classification of prior offenses for criminal history purposes involves interpretation of the revised [KSGA]. . . . Statutory interpretation is a question of law subject to unlimited review.").

McCullough correctly argues that he can raise an illegal sentence claim for the first time in an appeal from a probation revocation hearing. See *State v. Dickey*, 305 Kan. 217, 221-22, 380 P.3d 230 (2016); K.S.A. 2020 Supp. 22-3504(a) (stating the court may correct an illegal sentence at any time while the defendant is serving such sentence). But is McCullough's sentence illegal after the Supreme Court's issuance of the *Boettger* opinion?

An illegal sentence is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2020 Supp. 22-3504(c)(1). A sentence does not become illegal, however, because of a change in law *after* the sentence is pronounced. K.S.A. 2020 Supp. 22-3504(c)(1); see *State v. Bradford*, 311 Kan. 747, 750-52, 466 P.3d 930 (2020) (the legality of a sentence is fixed when it is pronounced and a defendant's sentence is not rendered illegal by a subsequent change in the law). A "change in law" is "a statutory change or an opinion by an appellate court of the state of Kansas, unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction." K.S.A. 2020 Supp. 22-3504(c)(2).

As just noted, the only exception to the rule that subsequent changes in the law do not transform a legal sentence into an illegal sentence is if the change in the law occurs

while a *direct appeal* is pending. This is because a sentence is not final until the direct appeal is completed. *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019).

In the present case, the district court sentenced McCullough on February 22, 2017. McCullough did not timely appeal his sentence, so by law his sentence became final 14 days after it was pronounced from the bench. See K.S.A. 2020 Supp. 22-3608(c). The issuance of the *Boettger* opinion on October 25, 2019—almost three years after McCullough's sentence was final is not a change in the law that retroactively applies to McCullough. That is because in *Murdock*, our Supreme Court held the legality of a sentence "is controlled by the law in effect at the time the sentence was pronounced," and determined that "subsequent changes in the law" cannot transform a legal sentence into an illegal sentence. 309 Kan. at 591.

McCullough reasons that he should be "entitled to the benefit of *Boettger*" because *Boettger* was decided one day after the district court modified his sentence and this is his "direct appeal from the order to serve a modified sentence." But McCullough's appeal is not a direct appeal of his conviction and sentence. The statutory "change in law" exception only applies when "the opinion is issued while the sentence is *pending an appeal from the judgment of conviction.*" (Emphasis added.) K.S.A. 2020 Supp. 22-3504(c)(2). McCullough's appeal is a collateral attack on his previously imposed final sentence, not a direct appeal from the judgment of conviction and sentencing.

Our court recently addressed this issue in *State v. Miller*, No. 121,792, 2020 WL 6533257, at *4 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* December 3, 2020. In *Miller*, the defendant did not appeal his conviction or sentence that predated *Boettger*. But upon the subsequent revocation of his probation and imposition of sentence, Miller appealed. About two months later, while Miller's appeal was pending, the *Boettger* opinion was issued. Miller claimed that because his sentence was calculated

6

on a criminal history that included prior convictions for criminal threat, his sentence was illegal based on *Boettger*.

Our court in *Miller* determined that *Boettger* did not apply because, although it was a change in law, it was issued *after* Miller's sentence was final, and Miller's appeal of his probation revocation was not a direct appeal of his conviction and sentence. In short, our court found Miller's sentence was not illegal because defendants are "'stuck with the law in effect at the time the sentence was pronounced.'" *Miller*, 2020 WL 6533257, at *4 (quoting *Murdock*, 309 Kan. at 592).

In a related case, *State v. Louis*, 59 Kan. App. 2d 14, 476 P.3d 837 (2020) *petition for rev. filed* November 23, 2020, Louis appealed from a postsentence motion to withdraw plea that was filed over four years after the mandate was issued. For the first time on appeal, the defendant also claimed his sentence was illegal based on the change in law in *Boettger*. Relying on *Murdock*, our court held that because *Boettger* was a change in law that occurred after the conclusion of Louis' direct appeal, he was not entitled to the benefits of *Boettger*. We held: "Louis is stuck with the law at the time of his sentence. . . . Therefore, it does not matter whether Louis' prior conviction was reckless or intentional criminal threat; the inclusion of either one in his criminal history was proper." *Louis*, 59 Kan. App. 2d at 27.

In summary, the Kansas Supreme Court decided *Boettger* over two years after McCullough's sentence became final. Because the legality of a sentence is controlled by the law in effect when it was pronounced, McCullough may not receive the benefit of *Boettger*. See K.S.A. 2020 Supp. 22-3504(c)(1); *Murdock*, 309 Kan. at 591 ("[T]he legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. . . . [N]either party can avail itself of subsequent changes in the law.").

7

McCullough posits an additional argument. He cites K.S.A. 2020 Supp. 21-6810(d)(9) for the proposition that prior convictions of a crime defined by a statute later found to be unconstitutional will not be used for criminal history scoring purposes. Yet, at the time McCullough's criminal history was scored and he was sentenced, a portion of the criminal threat statute was not unconstitutional, and no prior crime later found to be unconstitutional was considered by the sentencing court. As a result, K.S.A. 2020 Supp. 21-6810(d)(9) is not applicable. As we stated in *Miller*, "that provision does not grant defendants perpetual relief from a sentence that was legal when it was pronounced." 2020 WL 6533257, at *4.

In conclusion, when McCullough was sentenced, both reckless and intentional criminal threat were constitutional and appropriately scored as part of his criminal history. McCullough's current appeal is not a direct appeal of his conviction and final sentencing that occurred prior to *Boettger*. As a result, McCullough's sentence is not illegal.

LEGALITY OF MCCULLOUGH'S SENTENCE DUE TO CRIMINAL HISTORY SCORING ERROR

For his second issue, McCullough contends the district court imposed an illegal sentence when it erred in classifying his 2014 conviction for possession of marijuana as a felony. McCullough argues that at the time he was sentenced, possession of marijuana should have been classified as a misdemeanor. The State candidly concedes McCullough's argument, but contends that, regardless of the error, his criminal history score is correct because a criminal history score of C requires "only a single non-person felony along with that prior person felony."

As noted earlier, McCullough did not object to the classification of his prior convictions. That said, our court may consider this claim because we may "correct an

illegal sentence at any time" under K.S.A. 2020 Supp. 22-3504(a). See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

Whether a prior conviction should be classified as a person or nonperson offense involves interpretation of the KSGA and interpretation of a statute is a question of law over which this court has unlimited review. *Ewing*, 310 Kan. at 351; see also *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015) (whether a sentence is illegal within the meaning of K.S.A. 22-3504[1] is a question of law over which this court has unlimited review).

The State properly concedes this error. Under *Keel*, "the classification of a prior conviction . . . for criminal history purposes under the KSGA must be based on the classification in effect for the comparable offense when the current crime of conviction was committed." 302 Kan. 560, Syl. ¶ 9. When McCullough's current crime of conviction was committed, December 2016, possession of marijuana as a second offense was classified as a misdemeanor. See K.S.A. 2016 Supp. 21-5706(c)(3)(B). Consequently, the district court erred in classifying this prior misdemeanor conviction as a felony. Its proper classification should have been a nonperson misdemeanor. See K.S.A. 2016 Supp. 21-5706(b)(3), (c)(3)(B).

That said, at the time of McCullough's conviction for the current crime, a criminal history score of C included "one adult conviction or juvenile adjudication for a person felony, and one or more adult conviction or juvenile adjudication for a nonperson felony." K.S.A. 2016 Supp. 21-6804(a); K.S.A. 2016 Supp. 21-6809(C). The State contends that "even without the marijuana felony, defendant will remain criminal history category 'C'" because his criminal history contains at least one nonperson and one person felony. The State's argument is persuasive.

9

As we have just determined, McCullough's prior conviction for criminal threat was properly scored as a person felony. See K.S.A. 2016 Supp. 21-5415; *Keel*, 302 Kan. at 588. The PSI also confirms that McCullough was convicted of criminal possession of a firearm on January 29, 2014—the same date that he was convicted of possession of marijuana as a second offense. The PSI categorizes this conviction as a nonperson felony at the time McCullough's current conviction was committed. McCullough did not file a reply brief contesting the State's argument that this nonperson felony was properly classified in the criminal history. We conclude this was the proper classification for McCullough's criminal possession of a firearm conviction. See K.S.A. 2016 Supp. 21-6304(b).

All things considered, despite the district court's error, at the time McCullough was sentenced, his criminal history properly included one prior person felony (criminal threat) and one prior nonperson felony (criminal possession of a firearm) which correctly resulted in a criminal history score of C. See K.S.A. 2016 Supp. 21-6804; K.S.A. 2016 Supp. 21-6809(C). As a result, the district court did not impose an illegal sentence due to a criminal history scoring error.

Affirmed.