NOT DESIGNATED FOR PUBLICATION

No. 123,039

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VICTOR R. MILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; MICHAEL D. GIBBENS, judge. Opinion filed June 11, 2021. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Megan Williams*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Victor R. Miller appeals the district court's denial of his motion to correct illegal sentence. He argues his prior Missouri burglary conviction was improperly scored as a person offense. Based upon the law in effect at the time Miller was sentenced, Miller's 1984 Missouri conviction for first-degree burglary is comparable to Kansas' person crime versions of the burglary and aggravated battery statutes, both of which are person felonies. Thus, we find Miller's prior Missouri burglary conviction was properly scored as a person felony, and we affirm Miller's sentence as a legal one.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Miller's direct appeal was decided by another panel of this court in *State v. Miller*, No. 96,025, 2007 WL 2695826 (Kan. App. 2007) (unpublished opinion). Detailed discussion of that appeal or the facts leading to Miller's prosecution is unnecessary to resolve the issue in this appeal. Relevant here, in 2004, a jury convicted Miller of attempted second-degree murder and aggravated kidnapping.

Miller's presentencing investigation (PSI) report indicated he had a criminal history score of B, based on seven prior convictions: three felonies and four misdemeanors, all from Missouri. Of the three felonies, two 1984 Missouri convictions—one for forcible rape and one for first-degree burglary—were scored as person felonies. A 2011 drug conviction was scored as a nonperson felony, and all four misdemeanors were scored as nonperson offenses.

At sentencing on September 9, 2005, Miller's counsel agreed the criminal history score calculations were correct, but the district court made no criminal history score finding on the record. The district court ultimately sentenced Miller to a controlling term of 645 months' imprisonment.

On June 11, 2014, Miller filed a motion to correct illegal sentence, in which he asserted that his sentence was illegal because his criminal history score had been improperly calculated. He argued that his 1984 Missouri convictions of forcible rape and first-degree burglary were improperly scored as person felonies, contrary to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*Murdock I*). Highly summarized, *Murdock I*, which has since been overruled, required that all out-of-state convictions occurring prior to July 1, 1993, be scored as nonperson offenses. 299 Kan. at 319; see *State v. Keel*, 302 Kan. 560, 590-91, 357 P.3d 251 (2015) (overruling *Murdock I*).

Miller made numerous filings regarding this motion without a decision being rendered by the district court. Eventually, Miller stopped making filings regarding his motion to correct illegal sentence; his last filing related to that first motion was August 12, 2015. For reasons not revealed in the record before us, the district court never addressed Miller's motion.

In 2018, Miller resumed correspondence regarding his 2014 motion to correct illegal sentence. Still receiving no decision on his motion filed five years prior, Miller eventually filed a second motion to correct illegal sentence on August 27, 2019. This 2019 motion made two new arguments. First, Miller argued the district court had denied him due process in intentionally failing to rule on his first motion to correct illegal sentence based on *Murdock I*. Second, he argued his sentence was illegal due to a criminal history scoring error under *State v. Wetrich*, 307 Kan. 522, 412 P.3d 984 (2018).

Eventually, the district court appointed Miller counsel, and his counsel filed a supplemental motion to correct illegal sentence, which also elaborated on Miller's *Wetrich* argument. Unfortunately, only an incomplete version of this motion appears in the record on appeal and within the district court's electronic filing system.

Miller's motion sat for another seven months untouched until the State filed a response on March 13, 2020, arguing *Wetrich* was inapplicable to Miller's sentencing due to newer developments in the law, which determined *Wetrich* could not be applied retroactively because it was a change in the law. Miller filed a pro se response, arguing he should still have the benefit of *Murdock I* because that was the controlling law at the time he filed his first motion to correct illegal sentence and the district court neglected to rule on that motion. Miller's appointed counsel also filed a supplemental brief arguing this point. The State responded that such an application of *Murdock I* was foreclosed by *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*), because Miller was sentenced in accordance with the law in effect at the time of sentencing.

In June 2020, the district court denied Miller's motion, holding that at the time Miller was sentenced, his sentence was legal. It elaborated that the cases upon which Miller relied were changes in the law that could not later make his sentence illegal.

Miller timely appeals.

IS MILLER'S SENTENCE ILLEGAL?

On appeal, Miller advances a more nuanced argument. Before us, he argues that even aside of *Wetrich*, his Missouri burglary conviction was misclassified because, under any definition of "comparable," Missouri burglary has no comparable Kansas offense. If Miller is correct, his criminal history score should have been C, which would have reduced his legally permissible sentence. See K.S.A. 21-4704 (now K.S.A. 2020 Supp. 21-6804).

Of note, Miller does not advance his argument below that the law in effect at the time he filed his first motion to correct illegal sentence should be applied to his case. As such, that argument will not be considered, and it is deemed waived and abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

The classification of prior offenses for criminal history purposes involves statutory interpretation, which is a question of law subject to unlimited review. *State v. Bradford*, 311 Kan. 747, 750, 466 P.3d 930 (2020).

Although over 16 years have passed since Miller's sentence became final, under K.S.A. 2020 Supp. 22-3504(a), a "court may correct an illegal sentence at any time while the defendant is serving such sentence." Miller is undoubtedly still serving his nearly 54-year prison sentence. An illegal sentence is "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision,

4

either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *State v. Warrior*, 303 Kan. 1008, 1009-10, 368 P.3d 1111 (2016); see K.S.A. 2020 Supp. 22-3504(c)(1).

Miller argues his sentence is illegal because it fails to conform to applicable law. His argument hinges on the classification of his 1984 Missouri first-degree burglary conviction as a person felony.

We follow a two-step process when classifying prior out-of-state convictions in a defendant's criminal history for purposes of calculating that defendant's criminal history score. First, the prior offense is classified as either a felony or a misdemeanor according to how the convicting jurisdiction classified the offense. K.S.A. 2020 Supp. 21-6811(e)(2). Miller does not raise an issue with the prior conviction's classification as a felony. Second, the offense is classified as either a person or nonperson crime by referring to "comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed." K.S.A. 2020 Supp. 21-6811(e)(3)(A).

The legality of a sentence is controlled by the law in effect at the time the sentence was pronounced. "Put simply, a party may seek and obtain the benefit of a change in the law during the pendency of a direct appeal, but a party moving to correct an illegal sentence is stuck with the law in effect at the time the sentence was pronounced." *Murdock II*, 309 Kan. at 591-92.

When Miller was sentenced in September 2005, comparable crimes were "comparable, not identical," and the "closest approximation" of the comparable crime satisfied this inquiry. *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003), *overruled in part on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1018 (2015); see *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (quoting

*Vandervort*, 276 Kan. at 179); *State v. Arnold*, No. 91,962, 2005 WL 400414, at *3 (Kan. App. 2005) (unpublished opinion) (applying *Vandervort*'s definition of "'comparable offense'" in 2005). But see K.S.A. 2020 Supp. 21-6811(e)(3)(B)(i) (now mandating out-of-state convictions stemming from specific enumerated circumstances shall be classified as person offenses).

Using *Vandervort*'s "closest approximation" approach, we now move to a comparison of the relevant statutes. Miller challenges the classification of his conviction under Mo. Rev. Stat. § 569.160 (1979), which read:

> "1. A person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participant in the crime:
>
> (1) Is armed with explosives or a deadly weapon or;
>
> (2) Causes or threatens immediate physical injury to any person who is not a participant in the crime; or
>
> (3) There is present in the structure another person who is not a participant in the crime.
>
> "2. Burglary in the first degree is a class B felony."

At the time he committed his crime of current conviction, Kansas' burglary statute read:

> "Burglary is knowingly and without authority entering into or remaining within any:
>
> "(a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;
>
> "(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or

6

"(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein.

"Burglary as described in subsection (a) is a severity level 7, person felony. Burglary as described in subsection (b) is a severity level 7, nonperson felony.

"Burglary as described in subsection (c) is a severity level 9, nonperson felony." K.S.A. 21-3715 (Furse 1995).

The aggravated burglary statute read:

"Aggravated burglary is knowingly and without authority entering into or remaining within any building, manufactured home, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being, with intent to commit a felony, theft or sexual battery therein.

"Aggravated burglary is a severity level 5, person felony." K.S.A. 21-3716 (Furse 1995).

Under the plain language of these statutes, either burglary under K.S.A. 21-3715(a) or aggravated burglary under K.S.A. 21-3716 is the "closest approximation" of comparable offenses to Missouri first-degree burglary because they prohibit similar conduct. Both comparable Kansas offenses are person offenses. Accordingly, we hold Miller's Missouri first-degree burglary conviction was properly listed as a person felony on his PSI report, making Miller's sentence a legal one.

This holding is bolstered by the recent Kansas Supreme Court opinion with nearly identical facts. In *Bradford*, Bradford sought to have his sentence overturned for convictions that occurred in 2005, arguing one of his prior Missouri burglary convictions was improperly scored as a person felony. Bradford relied on the second definition of the illegal sentence statute, arguing that his sentence was illegal because it did not conform to the applicable statutory provisions and invoked *Wetrich*. The Kansas Supreme Court

rejected his argument because it relied on postsentencing changes in the law. 311 Kan. at 750. The *Bradford* court noted that at the time of Bradford's sentencing, the *Vandervort* definition of "comparable" applied, which defined that a "comparable" offense need only be the "'closest approximation.'" *Bradford*, 311 Kan. at 751; see *Vandervort*, 276 Kan. at 179. The *Bradford* court held Bradford's sentence was not illegal because it was legal at the time it was pronounced. 311 Kan. at 750.

Miller attempts to avoid this result by arguing the crimes are not broadly comparable either, but a plain language and common sense reading of the statutes forecloses this argument.

Because Miller's 2005 sentence is a legal one, the district court properly denied Miller's motion to correct illegal sentence.

Affirmed.