NOT DESIGNATED FOR PUBLICATION

No. 123,398

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

BURNEST HERBERT MAHONEY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD KUCKELMAN, judge. Opinion filed November 24, 2021. Sentence and probation revocation vacated, and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Megan Williams*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS and ISHERWOOD, JJ.

PER CURIAM: Burnest Herbert Mahoney appeals after the district court revoked his probation and ordered him to serve his underlying criminal sentence. The sole issue raised is whether his sentence was illegal based on an erroneous criminal history score. Although Mahoney did not object to his criminal history at the time of sentencing, he now argues that a prior Texas conviction for aggravated assault should have been scored as a nonperson felony. Because we cannot determine from the record on appeal under what specific subsection of the Texas assault statute Mahoney was convicted, we vacate his sentence as well as the probation revocation and remand this matter to the district court for resentencing.

1

On February 13, 2019, Mahoney pled guilty to one count of aggravated domestic battery, a severity level 7 person felony, and to one count of domestic battery, a class B person misdemeanor. In exchange for the plea, the State dismissed two other charges and did not oppose Mahoney's request for probation. The district court ultimately determined that Mahoney's criminal history score was B and sentenced him to a controlling term of 29 months' imprisonment. Still, the district court granted Mahoney's request for a dispositional departure and placed him on probation for a period of 24 months.

In sentencing Mahoney, the district court relied on a Presentence Investigation (PSI) Report that showed he had 9 prior convictions, including 2 person felonies and **1** juvenile adjudication. One of the prior person felonies that was listed in the PSI was a 2006 Texas conviction for aggravated assault with serious bodily injury under Tex. Penal Code Ann. § 22.02(a)(1) (2006). Mahoney made no objection to his criminal history score before sentencing.

On August 13, 2019, Mahoney admitted to violating the terms of his probation by testing positive for marijuana twice, and the district court imposed a two-day jail sanction for these violations. Later, the State alleged that Mahoney had once again violated the terms of his probation. In particular, the State alleged in its affidavit that Mahoney had violated his probation by failing to report as directed, failing to remain within the state, failing to advise his probation officer of any change of address, failing to pay restitution, having harassing or violent contact with the victim, violating a protection from abuse order, and failing to complete a domestic violence intervention program.

On September 18, 2020, the district court found that Mahoney had violated the terms of his probation as alleged in the State's affidavit, revoked Mahoney's probation, and ordered him to serve the underlying prison sentence. The district court ruled that it

2

was not required to impose intermediate sanctions because Mahoney was serving probation as the result of a dispositional departure. Thereafter, Mahoney filed a timely notice of appeal.

ANALYSIS

On appeal, Mahoney contends that the district court erred by classifying his prior Texas conviction as a person felony when it calculated his criminal history score. Specifically, Mahoney contends that the "identical-or-narrower test" adopted by the Kansas Supreme Court in *State v. Wetrich*, 307 Kan. 552, 561-62, 412 P.3d 984 (2018), applies in this case. As a result, Mahoney argues that based on *Wetrich*, his prior 2006 Texas conviction for aggravated assault with serious bodily injury under Tex. Penal Code Ann. § 22.02(a)(1) (2006), must be classified as a nonperson felony.

In *Wetrich*, the Kansas Supreme Court considered the meaning of the term "comparable" in the context of calculating a defendant's criminal history score under the revised Kansas Sentencing Guidelines Act, K.S.A. 2017 Supp. 21-6801 et seq. The issue arose because K.S.A. 2017 Supp. 21-6811(e)(3) provided that out-of-state convictions are scored as "person" if they are "comparable" to crimes defined as such under Kansas law. The *Wetrich* court interpreted the term "comparable" to mean that "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562.

The Kansas Legislature amended K.S.A. 21-6811(e)(3) in 2019 to clarify when a crime should be classified as a person or nonperson crime. But Mahoney committed his crimes before the enactment of the 2019 amendments. Because the 2019 amendments do not operate retroactively, the identical-or-narrower test set forth in *Wetrich* applies in this case. See *State v. Samuels*, 313 Kan. 876, 879, 492 P.3d 404 (2021).

3

Although Mahoney made no objection to his criminal history at the district court level—and his counsel agreed to the criminal history as presented in the PSI—he now claims that his prior Texas conviction was improperly classified as a person felony. Even so, an illegal sentence can be corrected "at any time while the defendant is serving such sentence." K.S.A. 2020 Supp. 22-3504(a). As a result, because Mahoney is still serving his sentence in this case, his contention that his sentence was illegal may be considered for the first time on appeal. See *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018).

The State argues that Mahoney's illegal sentencing issue was not preserved because his counsel agreed to his criminal history at sentencing. Recently, in *State v. Corby*, No. 122,584, 2021 WL 2275517 (Kan. App. 2021) (unpublished opinion), a panel of this court held that the State had met its burden to prove the defendant's criminal history because the defendant admitted to it in open court. 2021 WL 2275517, at *4. The *Corby* court relied on K.S.A. 2020 Supp. 21-6814(a), which provides that "an offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge." However, the present case is distinguishable from *Corby* because the defendant did not personally admit to his criminal history in open court. Likewise, unlike *Corby*, Mahoney specifically argues here that his criminal history score was inaccurate based on the holding in *Wetrich*.

Whether a criminal sentence is illegal under K.S.A. 2020 Supp. 22-3504 is a question of law over which our review is unlimited. See *State v. Bryant*, 310 Kan. 920, 921, 453 P.3d 279 (2019). The illegal sentence statute, however, has limited applicability. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018). A sentence is illegal under K.S.A. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served.

4

*State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019); see K.S.A. 2020 Supp. 22-3504(c)(1).

The classification of prior convictions involves statutory interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq., which also presents a question of law over which we have unlimited review. *State v. Bradford*, 311 Kan. 747, 750, 466 P.3d 930 (2020). Whenever possible, we are to discern the meaning of a statute based on its plain language. *State v. Pattillo*, 311 Kan. 995, 1004, 469 P.3d 1250 (2020). An offender can challenge a sentence as illegal if either the crime severity level or the criminal history score is in error. See *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011); *State v. Martin*, 52 Kan. App. 2d 474, 483, 369 P.3d 959 (2016).

At the time of sentencing, the State bears the burden of proving a defendant's criminal history by a preponderance of the evidence. *State v. Obregon*, 309 Kan. 1267, Syl. ¶ 4, 444 P.3d 331 (2019). The State satisfies its burden when the defendant does not object to the State's prepared criminal history worksheet. K.S.A. 2020 Supp. 21-6814(b). Further, it is the defendant's burden to object to the criminal history worksheet to allow the State sufficient opportunity to produce evidence regarding the disputed portion of the worksheet. K.S.A. 2020 Supp. 21-6814(c). In any subsequent challenges to the defendant's criminal history, the burden of proof shifts to the defendant to establish error. K.S.A. 2020 Supp. 21-6814(c). See *Neal*, 292 Kan. 625, Syl. ¶ 6 (motion to correct illegal sentence).

If that the crime severity level or the criminal history score is shown to be incorrect, the resulting sentence cannot conform to the statutory provision in the term of punishment authorized and is therefore illegal. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Typically, a PSI will satisfy the State's burden when a defendant lodges no objection to the inclusion of an offense in his or her criminal history. K.S.A.

2020 Supp. 21-6814(b); *Obregon*, 309 Kan. at 1275. However, "more is required when the summary" of an offense a defendant has committed, even when there is no objection. 309 Kan. at 1275. When the record on appeal does not contain substantial competent evidence to support a district court's classification of a prior conviction or the inclusion of a prior conviction in the criminal history score, a remand is required to allow the district court the opportunity to determine the correct criminal history score. See *State v. Ewing*, 310 Kan. 348, 359-60, 446 P.3d 463 (2019); *Obregon*, 309 Kan. at 1275-76.

Mahoney argues his sentence is illegal because it fails to conform to applicable law. Under the KSGA, the district court should include out-of-state convictions in calculating a defendant's criminal history score. K.S.A. 2018 Supp. 21-6811(e)(1). The parties agree that K.S.A. 2018 Supp. 21-6811(e)(3) controls the classification of Mahoney's Texas crime. This statute states:

> "The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall be classified as a nonperson crime."

Mahoney asserts that the Texas crime of aggravated assault with serious bodily injury under Tex. Penal Code Ann. § 22.02(a)(1) (2006), is broader than any comparable Kansas crime. On the other hand, the State asserts that each form of aggravated assault under Texas law has a comparable Kansas person crime, and therefore the conviction was properly classified as a person crime under K.S.A. 2018 Supp. 21-6811(e)(3). Based on our review of the record on appeal, however, we cannot determine under which specific subsection of the Texas assault statute that Mahoney was convicted.

Mahoney's challenged prior conviction arose under Tex. Penal Code Ann. § 22.02(a)(1) (2006), which provides that aggravated assault with serious bodily injury occurs when "the person commits assault as defined in § 22.01 and the person . . . causes serious bodily injury to another, including the person's spouse." In completing the analysis, the court must then look to Tex. Penal Code Ann. § 22.01(a), defining assault:

Tex. Penal Code Ann. § 22.01(a) (2006) provides:

"A person commits an offense if the person:
 "(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
 "(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
 "(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative."

Consequently, the Texas statute provides three distinct ways an assault may be committed in Texas. The three subsections defining Texas assault each have different elements. Subsection (1) requires "bodily injury," subsection (2) requires a threat of imminent bodily injury, and subsection (3) punishes certain physical contact. Tex. Penal Code Ann. § 22.01(a) (2006). Also, the different subsections of the Texas statute appear to require different culpable mental states. Tex. Penal Code Ann. § 22.01(a)(1)-(3)(2006). The PSI report shows that Mahoney was convicted under subsection (1) of Tex. Penal Code Ann. § 22.02(a) (2006), but we cannot determine from the record the applicable subsection of Tex. Penal Code Ann. § 22.01(a) (2006). Unfortunately, based on our review of the record on appeal, we simply cannot determine the specific subsection Unfortunately, based on our review of the record on appeal, we simply cannot determine the subsection under which Mahoney was convicted, and it would be speculative for us to perform a *Wetrich* analysis under these circumstances.

7

As a result, we find that the appropriate remedy is to vacate Mahoney's sentence as well as the probation revocation and remand this matter to the district court for resentencing. Assuming it can be shown at resentencing under which subsection of the Texas statute Mahoney was convicted, including the specific subsection of the assault statute, a *Wetrich* analysis should be performed to determine how it should be scored for criminal history purposes. Based on this analysis, Mahoney should be resentenced accordingly.

If the Texas conviction should be scored as a nonperson felony for criminal history purposes, Mahoney may be a candidate for presumptive probation under the sentencing guidelines. Moreover, if Mahoney were resentenced that way, his probation could not be revoked under K.S.A. 2020 Supp. 22-3716(c)(7)(B) because he would not have received a dispositional departure to probation. We do not mean to decide this point but simply mention the possibility to provide guidance to the district court and to the parties. We likewise offer no opinion on whether Mahoney might be a candidate for probation revocation on other grounds.

Sentence and probation revocation vacated, and case remanded for resentencing and for further proceedings as necessary.